## Nyman's Appeal. Fickes's Appeal.

1. A sheriff returned to an execution, that "at the time of the levy, the defendant demanded" the $300 exemption "out of the real estate which consists of one tract and cannot be divided, and he claimed that amount out of the proceeds when sold." The sheriff also testified that there was no appraisement. *Held*, that the defendant was not entitled to the $300.

2. Marks's Appeal, 10 Casey 36, followed.

3. Fickes sold land to Harman, and entered a judgment April 6th 1861, for purchase-money. Harman, March 14th 1866, sold to Heagy, who then went into possession, and on the 6th of April, at 8 A. M., executed a deed to Heagy: on the same day at 12 M., Fickes entered judgment of revival on his purchase-money judgment by amicable sci. fa. against Harman alone. Heagy being a witness to the agreement for the sci. fa., judgments were afterwards entered against Heagy. *Held*, 1. That the judgments took precedence of Fickes's. 2. Heagy's witnessing the agreement did not make him a party to the sci. fa.

March 9th and 10th 1872. Before Thompson, C. J., Read, Agnew, Sharswood and Williams, JJ.

Appeals from the Court of Common Pleas of *Adams county*: No. 79 and 80, to May Term: In the distribution of the proceeds of the sheriff's sale of the real estate of Eli G. Heagy.

By the report of A. J. Cover, Esq., the auditor appointed to make the distribution, it appeared as follows:—

In 1861, Joseph Harman bought a farm from Ralph Fickes. On the 6th of April 1861, Fickes entered a judgment against Harman on a bond and warrant of attorney for $1000, part of the purchase-money, payable in yearly instalments of $200 each; the last being payable April 1st 1871. In 1866 Harman sold the farm to Eli G. Heagy, who went into possession on March 14th 1866; Harman delivered the deed to Heagy on the 2d of April 1866, between 7 and 8 o'clock in the morning. Between 8 and 9 o'clock Harman informed Fickes that the deed had been executed. On the 2d of April, between 11 and 12, a judgment, Ralph Fickes against Joseph Harman, Jr., was entered on an amicable scire facias on the purchase-money judgment, the agreement for which was executed March 28th 1866, by Joseph Harman, Jr., and witnessed by E. G. Heagy.

On the 4th of October 1866, a judgment was entered against Heagy in favor of Joseph Dellone for $1000.

On the 2d of April 1868, a judgment was entered against Heagy in favor of John Nyman for $1000.

On the 1st of August 1870, Fickes issued a scire facias against "Joseph Harman, Jr., with notice to Eli G. Heagy, terre-tenant," on the judgment against Harman, entered April 2d 1866, on the amicable scire facias.

On the 26th of May 1871, by order of the court, judgment was entered in this scire facias in favor of Fickes for $872, "to be a lien only on land aliened to Eli G. Heagy."

21 P. F. Smith—29

## [Nyman's Appeal.]

An execution was issued by Nyman; the sheriff returned that he had levied on Heagy's land, and by leave of the court he afterwards made an amended return, that " at the time of the levy the defendant Eli G. Heagy demanded the benefit of .the law exempting $300 worth of property from levy and sale on execution, and claimed the same out of the real estate, which consists of one entire tract, and cannot be divided, and he claimed that amount out of the proceeds when sold." Heagy assigned his claim for exemption to Fickes. The . real estate was sold under this execution, and the proceeds of sale, after deducting expenses, amounted to $2359.73.

The sheriff, on the hearing before the auditor, testified that Heagy claimed the exemption of $300, but that his real estate had not been appraised under the claim; the sheriff not knowing that it was necessary to appraise real estate.

The questions before the auditor were, whether Fickes, assignee of Heagy, was entitled to the $300 under the exemption laws; and whether Fickes's judgment against Harman had lost its lien against the land in Heagy's hands.

The auditor awarded to Heagy the $300, to Joseph Dellone $1203, and to John Nyman $856.73, leaving still due on his judgment $345.02.

After exceptions, the court (Fisher, P. J.) confirmed the report.

Fickes and Nyman each appealed to the Supreme Court.

Fickes assigned for error that the court erred in deciding that his judgment had lost its lien, and in excluding it from any part of the fund in court.

Nyman assigned for error that the court erred in awarding the $300 to Fickes, assignee of Heagy.

*D. A. Buehler* and *R. G. McCreary*, for Fickes.—Fractions of a day are noticed in fixing the time of the lien of a judgment: Hendrickson's Appeal, 12 Harris 363; Small's Appeal, Id. 398. Heagy's witnessing the agreement to revise was notice to him as terre-tenant: Lesher *v.* Gillingham, 17 S. & R. 126. Nyman and Dellone being judgment-creditors, are not in the position of purchasers, and cannot have any advantage which Heagy had not: Reed's Appeal, 1 Harris 476; Cover *v.* Black, 1 Barr 493; Rogers *v.* Gibson, 4 Yeates 112; Heister *v.* Fortner, 2 Binney 46.

The sheriff's return implied that all had been legally done to entitle Heagy to his exemption, and the return could not be contradicted: Diller *v.* Roberts, 13 S. & R. 60; McClelland *v.* Slingluff, 1 W. & S. 134; Kintzing *v.* McElrath, 5 Barr 467.

*D. Wills,* for Nyman.—The plaintiff was bound to see that his judgment was properly entered, and he being in default must

[Nyman's Appeal.]

bear the loss as against one who is in no default : Woods v. Reynolds, 7 W. & S. 406 ; Heil's Appeal, 4 Wright 453.

Evidence is admissible to show which of two judgments was entered first : Neff v. Barr, 14 S. & R. 166. Purchaser may show that his conveyance of the same date was before the entry of a judgment : Metzler v. Kilgore, 3 Penna. R. 245 ; Mechanics' Bank v. Gorman, 8 W. & S. 314 ; Claason's Appeal, 10 Harris 359.

To secure the exemption there must be an appraisement : Act of Assembly, April 9th 1849, § 23, Pamph. L. 533, 1 Br. Purd. 637, 638, pl. 21, 22 ; Marks's Appeal, 10 Casey 36 ; Shelly's Appeal, 12 Id. 373 ; Brant's Appeal, 8 Harris 141 ; Knabb v. Drake, 11 Id. 489. The sheriff not having returned that he made an appraisement, the legal conclusion is that he made none : Smith v. Emerson, 7 Wright 456.

The opinions of the court were delivered, July 3d 1873, by THOMPSON, C. J.

## NYMAN'S APPEAL.

There is no room for controversy about the question raised here ; it is conclusively ruled against the appellee by the case of Marks's Appeal, 10 Casey 36. There was no appraisement of the land in this case, supposing there was a demand for exemption, and this, with a return that it could not be divided, was absolutely necessary in order to entitle the debtor to come upon the proceeds of sale for the amount of exemption in the hands of the sheriff. The assignee cannot claim to be in any superior position to that of his assignor.

Decree reversed, and record remitted, so that distribution may be made of the funds in court in accordance with this opinion, and the appellee is directed to pay the costs of this appeal.

---

## FICKES'S APPEAL.

The Act of 26th March 1827 provides that no judgment shall continue a lien for more than five years from the date of its entry, "unless renewed within that period by agreement of the *parties* and *terre-tenants*, filed in writing and entered on the proper docket, or a writ of scire facias to revive the same be sued out, within said period, according to the provisions of the act to which this is a supplement."

This is just what was not done in this case, and is the reason why the appellant's claim on the proceeds of sale was not good. The judgment of Fickes v. Harman was revived against the latter by agreement without including the terre-tenant Heagy. This, therefore, did not continue the lien of Harman's judgment on the land in the hands of Heagy after the first five years : Sames's Appeal, 2 Casey 184 ; Fursht v. Overdeer, 3 W. & S. 470 ;

[Nyman's Appeal.]

Amstrong's Appeal, 5 Id. 352. It was a clear disregard of the Act of Assembly. Heagy's witnessing the agreement between Fickes and Harman to revive the judgment, did not make him a party, as the act requires. It was no judgment as to him, any more than it would have been against any stranger who might have attested it. It follows from this, that the first judgment entered against Heagy, bound his interest in the land acquired by deed from Harman, and so on, according to priority. Harman's interest was divested by his conveyance, and Fickes's lien was lost because he did not continue it against Heagy in time. All this was the consequence of the appellant acting as his own lawyer.

The appeal is dismissed at the costs of the appellant, and the decree of the court below is affirmed.