# IMPERIAL COAL CO. v. PORT ROYAL COAL CO.

### APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY.

Argued October 9, 1890—Decided November 3, 1890.

On the breach of a contract to supply plaintiff company with coal sufficient to keep its coke plant in full operation for a definite period, to be converted into coke for the defendant company at a fixed price per ton, the plaintiff may recover the net profits which it certainly would have made had the contract been performed.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 84 October Term 1890, Sup. Ct.; court below, No. 245 February Term 1888, C. P.

On December 21, 1887, the Imperial Coal Company brought assumpsit against the Port Royal Coal Company. The defendant pleaded non-assumpsit.

At the trial on December 12, 1889, testimony was introduced by the plaintiff to the effect that early in 1886 the plaintiff company was the owner of a plant of coke ovens not in active operation and many of them out of repair, and the defendant company was operating a coal mine; that in February or March of that year the plaintiff and defendant companies entered into a verbal contract by which the defendant was to supply to the plaintiff sufficient coal slack to keep its plant of ovens, about sixty in number, running for six months at their full capacity, and the plaintiff was to be paid $1 per ton for the coke made for the defendant therefrom and delivered on the cars at the ovens; that the plaintiff at great expense fitted up its ovens and made coke for the defendant from slack furnished, for three or four weeks after the contract was entered into, when the defendant stopped further deliveries of slack; and that the slack as furnished by the defendant was not at any time sufficient to keep the plaintiff's plant running to its full capacity. The claim of the plaintiff was for the value of 445 tons of coke made for the defendant, at $1 per

ton, and for damages for the defendant's failure to furnish a continued and sufficient supply for the period of the contract.

William McCreery, president and general manager of the plaintiff company, having testified to the making of the contract, the expense of putting the plant of ovens in order and their capacity, the deficiency and final stopping of the supply of slack by the defendant, was asked:

Q. What would have been the net profit per ton of the coke which you could manufacture from the slack furnished by the defendant?

This question was objected to by defendant's counsel as incompetent and irrelevant, and for the further reason that it was an attempt to collect imaginary and fanciful profits as damages.

By the court: The offer is admitted; exception.[6]

The witness then testified that the profit would have been about half a dollar per ton; and that if the slack had been furnished according to the contract, sufficient for the full capacity of the plant for the term of six months, the profit of the plaintiff would have been about $7,000.

At the close of the testimony, the court, HUNTER, P. J., charged the jury as follows, in answer to a point presented by the plaintiff:

4. If you believe the plaintiff's evidence, we instruct you as matter of law that it is entitled to recover the profits that would have accrued to it upon compliance with the contract by defendant.

Answer: Yes; if you believe the contract was an entire contract, that the coal was to be sufficient in quantity to keep the plaintiff's sixty ovens in operation for a period of six months at $1 per ton, and the defendant failed to comply with the contract, the plaintiff would be entitled to the profits that he lost by reason of the defendant's default.[18]

—The jury returned a verdict in favor of the plaintiff for $4,145.67, including interest. A rule for a new trial having been discharged, judgment was entered, when the defendant took this appeal, filing twenty-nine specifications of error, inter alia:

6. The admission of plaintiff's offer.[6]

18. The answer to the plaintiff's point.[18]

Opinion of the Court.

*Mr. Geo. M. Arrel* and *Mr. E. E. Robbins* (with them *Mr. H. K. Taylor*), for the appellant.

Upon the eighteenth assignment, counsel cited: Fleming v. Beck, 48 Pa. 312; McKnight v. Ratcliff, 44 Pa. 156; Haak v. Wise, 2 W. N. 689; Sedgwick on Dam., 78.

*Mr. Paul H. Gaither* (with him *Mr. J. Rodgers McCreery* and *Mr. J. A. Marchand*), for the appellee.

Counsel cited: Hoy v. Gronoble, 34 Pa. 9; Pennypacker v. Jones, 106 Pa. 242; Hunter v. Land, 81* Pa. 296; Lentz v. Choteau, 42 Pa. 437; Rogers v. Bemus, 69 Pa. 432; Pittsburgh Coal Co. v. Foster, 59 Pa. 369; Adams Exp. Co. v. Egbert, 36 Pa. 364.

PER CURIAM:

We have examined this voluminous record with some care, and find it free from error. The only matter calling for comment is raised by the eighteenth assignment, and refers to the question of damages. While it is undoubtedly true that mere speculative profits cannot be recovered in an action for breach of contract, a careful examination of the assignment shows that the profits in question were not within this rule. The jury have found the contract to be as plaintiff alleged; that it was an entire contract; that the defendant was to furnish plaintiff with enough coal to keep its sixty ovens in operation for six months, and that the price was to be one dollar per ton. The profits in such case were not speculative; they did not depend upon the fluctuations of the market, or the demand for coke, and they could be ascertained with mathematical accuracy. As the plaintiff corporation was obliged to equip itself at a heavy expense to perform the contract, it is only just that upon its breach it should recover for the net profits which it certainly would have made.

Judgment affirmed.