FRAZER v. SMALL.

*(Supreme Court, General Term, Second Department. February 11, 1891.)*

CONTRACTS—WHEN COMPLETE.

> Plaintiff, after negotiations with defendant as to the purchase of ice, telegraphed to defendant: "I accept your offer. Deliver 200 tons in one week or later. Will see you Monday." On the same day defendant wrote to plaintiff: "I have ordered a cargo for you. To make it secure, you had better send me a certified check for $500." Plaintiff went to defendant's office, where the parties proceeded to draw up a contract in which it was stated, "Ice to be paid for on B. L., in-take weight in Maine." Plaintiff objected to this provision. Defendant explained "in-take weight," and the way in which ice was sold, and finally said to plaintiff: "As long as you do not understand this, we will call the trade off;" to which plaintiff replied, "Very well, we will call the trade off," and went out. About two hours later plaintiff served a notice on defendant that he would require delivery of the ice. *Held*, that the minds of the parties never met on the terms for a sale of the ice.

Appeal from circuit court, Rockland county.

Action by John Frazer against John H. Small. There was a judgment for plaintiff, and defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*D. J. Newland,* for appellant. *Tompkins & Bannister,* for respondent.

PRATT, J. This is an appeal from a judgment entered on a verdict of a jury. The complaint alleges a contract for the sale of ice to plaintiff, and a refusal to deliver. To prove the contract, the plaintiff submits the following papers: A letter, dated July 11, 1890, stating: "Will you be kind enough to tell me by return mail your latest cost price, delivered here, for 200 or 250

tons of ice, and oblige." A telegram from Small to Frazer, dated July 12th, stating: "If ordered to-day, five twenty-five at dock, delivered now or later." A telegram from Frazer to Small, dated July 12th, stating: "I accept your offer. Deliver 200 tons in one week or later. Will see you Monday." A letter from Small to Frazer, dated July 12th, stating: "It was lucky for you that you wired acceptance of my offer. The asking price is to-night $7 per ton, in-take weight, bill of lading. I have ordered a cargo for you. To make it secure, you had better send me a certified check for $500, which I will hold in my bank, 7th National, N. Y." The appellant in his answer alleges a a custom of buying and selling ice by the cargo, making the price per ton upon the "in-take" weight in Maine, as shown by the bill of lading or weigher's certificate, and that his offer of $5.25 per ton to Frazer was based on "in-take" weight. And appellant testified that he was engaged as a broker in selling ice on commission, and that on Tuesday, July 15th, after the letter of July 12th, defendant came to his office, and selected a cargo of ice of about 200 tons, in a vessel named the Lottie A. Walford, and that they then sat down to make out the contract, and that he (defendant) drew it up, and read it over to plaintiff twice. Defendant introduced in evidence the proposed contract, which is as follows:

"MAINE ICE WHOLESALE. VESSELS FOR ICE AND COAL.
"J. Henry Small, 21 Cortlandt St., N. Y.
"N. Y., July 15, 1890.

"John Frazer, of Nyack, N. Y., agrees to purchase, and J. H. Small, Agt., agrees to sell, one cargo of ice, of about 200 tons, more or less, said ice to be merchantable ice, to be delivered at dock at Nyack, N. Y., or as near as water will admit, free of expense to said purchaser. Ice to be paid for on B. L., in-take weight, in Maine. Ice and freight to be $5.25 per ton for ice and freight at dock at Nyack, N. Y. On receipt of B. L., said Frazer to pay for the ice. Freight to be paid to the captain when discharged."

Defendant further testified that when Frazer came to the "in-take weight" he made objections to that, and said: "This ice is to be weighed out to me, and put into my building weighed over the scales at Nyack." Defendant undertook to explain to him "in-take weight," "f. o. b.," and the way ice was sold, and finally said to him: "As long as you do not understand this, we will call the trade off." He said: "Very well, we will call the trade off;" and he shook hands and went out. Defendant's clerk testified to the same facts of the drawing up of the contract, of the misunderstanding as to "in-take weight," and Frazer's assent to call the trade off, and of Small's reading the paper in Frazer's hearing. Plaintiff nowhere denies this testimony of the agreement to call the trade off; but introduces in evidence a paper notifying defendant that he shall require delivery of the ice, and on failure shall hold defendant for damages. It is admitted that he served this paper (though dated the 14th) on defendant the same day, about two hours after he went out from the first interview. Much testimony was given as to the general custom of selling ice on the "in-take weight," the weight at the place of loading on bill of lading, and the signification of the letters "f. o. b.,"—"free on board." I think it is plain from the foregoing that the minds of the parties never met upon the terms for a sale of ice. There is no evidence to dispute the fact that, when the defendant sent the dispatches and letter, he meant a sale of ice, according to the custom of the business, at "in-take weight." The plaintiff undoubtedly understood, or may have understood, he was to have it weighed out at the place of delivery. The first telegram states the place of delivery at the dock, which shows defendant intended to deliver by a vessel. The same day the defendant writes a letter, which was called for by plaintiff's first communication, and which must be regarded as a part of the negotiation, in which he refers to the asking price for ice as seven dollars per ton "in-take weight," "bill of lading," and in the margin of which were the

words and figures, "$5.25, f. o. b." plainly meaning the price and terms of the sale he proposed to make, and stating, further, that he had ordered a cargo for the plaintiff. This letter should have apprised the plaintiff that the defendant intended to sell a cargo of ice as the letter indicated to those in the trade, to-wit, a cargo of ice by weight as loaded. It is doubtful if plaintiff believed the contract was complete, as he states in his telegram accepting the offer, "Will see you on Monday;" showing that he deemed it necessary to arrange for some details or to make or receive some explanations. That the defendant did not regard the contract closed is evidenced by the fact that he made out a written contract in due form, which he asked the plaintiff to sign. If, however, the telegram and letter of defendant dated the 12th of July can be regarded as constituting a contract, the plaintiff is not in any better position, as the letter plainly implies a contract according to the custom of the trade, i. e., at "$5.25 f. o. b.," "in-take weight," as the only one defendant proposes to make. We think that, upon all the circumstances of the case, there was a failure on the part of the plaintiff to prove the contract set out in the complaint, and that a verdict should have been directed for the defendant.

Judgment reversed. New trial ordered, costs to abide event. All concur.