## Leskie, Appellant, *v.* Haseltine.

*Contract—Award to lowest bidder—Custom—Evidence.*

In letting out a contract to erect a building, the owner is not obliged to award the contract to the lowest bidder, although such bidder was invited to make proposals. Proof of a custom that the lowest bidder is entitled to the contract is inadmissible.

The fact that upon the opening of the bids the owner said to the lowest bidder, "You are the lucky man," amounted to nothing more than a recognition of the fact that he was the lowest bidder, and was not an award of the contract.

Argued Jan. 17, 1893. Appeal, No. 111, July T., 1892, by plaintiff, Henry B. Leskie, from judgment of C. P. No. 4, Phila. Co., March T., 1888, No. 559, on verdict for defendant, Charles F. Haseltine. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Assumpsit on alleged agreement to award building contract.

At the trial it appeared that by a letter dated March 28, 1887, defendant requested plaintiff to bid for the contract of erecting the Haseltine building, on the south side of Chestnut street, west of Fifteenth street in the city of Philadelphia. Plaintiff complied with the request and presented a bid, which was found to be the lowest bid. Plaintiff testified that when the bids were opened defendant said to him : "You are the lucky man. . . . you have won, and fairly so." The architect requested plaintiff to bring his subcontractor down so that they could go over the matter of extra work. Plaintiff further testified in effect that he was to begin work as soon as the contract was signed, but that the time for the completion of the

building and the payments as the work progressed had not been fixed.   The bid was made in the alternative, either brick or iron.

Plaintiff offered to show that a witness on the stand had had great experience in matters of this kind and was an expert, and that when an owner selects an architect and authorizes him to invite bids, and the architect specially invites bidders in person, by the universal custom the lowest bidder is entitled to the contract.   Objected to.   Objection sustained.   Exception. [1]

The court charged in part as follows:

" [It might well be that either the architect or Mr. Haseltine might have said to the plaintiff, ' You are the lucky man,' and there have been no contract.   That would not have constituted a contract.] [4] . . . .

" [It is incumbent upon the plaintiff, before he is entitled to a verdict in this case, to satisfy you by the evidence that there was a distinct promise made to him, a distinct agreement made with him ; not merely that there was talk about his being the successful bidder and his probably getting the contract,] [5] but he must show that at some time the defendant, or somebody authorized to speak for the defendant, entered into that agreement with him, not that he talked about it.

" [It is a very serious question in my mind whether there is evidence in this case which would justify you in reaching the conclusion that there was at any time any such agreement entered into,] [6] that the minds of the defendant and of the plaintiff ever met upon a distinct agreement that the plaintiff should have this contract, and I say to you at this point (because it is just as convenient to say it here as at any other time), that [the mere fact that the plaintiff was the lowest bidder gave him no right whatever to get the contract.] [7]   It was not necessary to put in the invitation for bids or the specifications that the owner of the ground reserved the right to reject the lowest bidder or any other." . . . .

Verdict and judgment for defendant.   Plaintiff appealed.

*Errors assigned* were (1) ruling on evidence ; (4–7) instructions, quoting offer and instructions.

*William H. Staake* and *F. Carroll Brewster,* for appellant, cited, as to custom : Adam v. Palmer, 30 Pa. 346 ; Koons v. Miller, 3 W. & S. 271 ; Watt v. Hoch, 25 Pa. 411 ; McMasters

v. Pa. R. R., 69 Pa. 374 ; Woods v. Galbreath, 2 Yeates, 306 ; Eddy v. Faulkner, 3 Yeates, 580 ; Stokes v. Fenner, 30 Leg.. Int. 84 ; Whitesell v. Crane, 8 W. & S. 369; Steiner v. Coxe, 4 Pa. 13. As to binding effect of contract: Miller v. McManis, 57 Ill. 126 ; Peck v. Miller, 39 Mich. 594; Riggins v. R. R., 73 Mo. 598; Paige v. Woolen Co., 1 Williams (Vt.), 485 ; Campbell v. City, 10 W. N. 221 ; McCollum's Case, 17 Ct. Cl. 92 ; Houghwout v. Boisaubin, 18 N. J. Eq. 315 ; Slocomb v. Lurty, 1 Hempstead, 431·; Attix v. Pelan, 5 Iowa, 336 ; Patton v. Hassinger, 69 Pa. 311 ; Thurston v. Thornton, 1 Cush. 89.

*John G. Johnson, Frank P. Prichard* with him, for appellee, cited, as to custom : Anewalt v. Hummell, 109 Pa. 271 ; Meyer v. Dresser, 16 C. B., N. S. 659 ; Wetherill v. Neilson, 20 Pa. 453 ; Dickinson v. Gay, 7 Allen, 37 ; Ulmer v. Farnsworth, 15 Atl. R. 65 ; Wigglesworth v. Dellison, 1 Sm. L. C. 594, Am. note. As to binding effect of contract : Maitland v. Wilcox, 17 Pa. 231 ; Brown v. Finney, 53 Pa. 373 ; MacMackin v. Timmins, 14 W. N. 318 ; Orr's Ap., 67 Pa. 195.

PER CURIAM, January 30, 1893 :

The defendant was admittedly the lowest bidder for the erection of defendant's building. It does not follow, however, that because he was the lowest bidder the defendant was bound to award him the contract. The fact that, upon the opening of the bids, either the architect or the defendant may have said to the plaintiff, " You are the lucky man," amounts to nothing more than a recognition of the fact that he was the lowest bidder. After the bids had been opened, it was the right of the defendant to inquire into the fitness and ability of the respective bidders to fulfil the contract. He was not bound to award it to a bidder who lacked either the skill, experience, or ability to properly perform the contract. In this case the contract never was awarded to the plaintiff. There were a number of questions to be settled when the defendant and the bidder were brought together, before their minds could be said to have agreed upon anything.

The learned judge below submitted the case to the jury under proper instructions, and their verdict is the end of the matter.

Judgment affirmed.