(9 Misc. Rep. 76.)

### KIRWAN et al. v. BYRNE.

(Common Pleas of New York City and County, General Term. June 4, 1894.)

1. CONTRACT—OFFER AND ACCEPTANCE.
   Defendant offered to sell to plaintiff a quantity of tin at a certain price, to which plaintiff replied, "We accept your offer, if full-weight plates." *Held*, that the acceptance was conditional, and did not constitute a contract. 27 N. Y. Supp. 143, affirmed.

2. SAME—MEETING OF MINDS.
   Acceptance of an offer does not show a meeting of the minds of the parties where the party accepting the offer, on the subsequent presentation of a written contract for him to sign, containing the terms of the offer, made certain alterations therein which the other party refused to accept.

Appeal from city court, general term.

Action by Edgar F. Kirwan and others against Edward F. Byrne for breach of contract. From a judgment of the city court (27 N. Y. Supp. 143) reversing a judgment in favor of plaintiffs, plaintiffs appeal. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

William H. Shepard and Evarts L. Prentiss, for appellants.

Thomas C. E. Ecclesine, for respondent.

BOOKSTAVER, J. This action is for damages for breach of contract to sell and deliver 1,500 boxes of coke tin. Defendant made the following offer to plaintiffs, he having dealt with them, as broker, for five or six years:

"From Edward F. Byrne, Metal Broker, to Messrs. Kirwan & Tyler, 54 Cliff Street.

"New York, 16th May, 1891.

"Gentlemen: I can offer you, subject to prior sale, fifteen hundred boxes i. c. 14x20 Bessemer steel coke tin, for June delivery at Locust Point, at $4.95 cash on delivery. This is a very low price; but, having offered them to other parties, and having only a limited quantity to sell, I can on'y offer them to you subject to prior sale.

"Yours, very resply., Edward F. Byrne."

On May 18th, plaintiffs telegraphed:

"Mr. E. F. Byrne: We accept your offer 16th, if full-weight plates. Kirwan & Tyler."

On the same day defendant sent the following reply to this telegram, by letter:

"Gentlemen: Your telegram of even date at hand, accepting my offer of 16th for fifteen hundred boxes 14x20, standard weight, Bessemer steels, and beg to inclose accepted contract for same, and would ask you to accept the copy and return."

The contract referred to was as follows:

"Messrs. Joseph Byrne & Son—Dear Sirs: I have this day sold for your account, to Messrs. Kirwan & Tyler, fifteen hundred boxes i. c. 14x20 Bessemer sheet coke tin plates, standard weight, for June delivery on dock at Locust Point, Md., at four dollars and ninety-five cents per box. Cash on delivery of order.

"Yours, respectfully, E. F. Byrne."

Plaintiffs struck out the words "delivery of order," and inserted "receipt of plates," and returned the contract to defendant in a letter of May 19th; stating, "We have made a slight alteration in the one we have signed, and would like to have Messrs. Byrne & Son change theirs to correspond," and offering to accept a three-day draft for three-quarters of invoice, "if any accommodation to your sellers," and to send a check for the balance after an examination of the goods. Defendant then wrote, under date of May 20th, that Messrs. Byrne & Son would not agree to the terms inserted in the contract, and had canceled the order. Plaintiffs sue to recover the difference between the contract price and the market price of coke tin in June, 1891, which was admitted to be 30 cents per box. The trial justice directed a verdict for plaintiffs, and the general term of the city court reversed the judgment, and ordered a new trial. This appeal is from that order.

Where there is substantially no dispute as to the facts, the construction of a contract is for the court. Groat v. Gile, 51 N. Y. 431. This is true of contracts by correspondence. Turner v. Yates, 16 How. 14, 23. The correspondence must be attentively examined, in order to ascertain whether the minds of the parties met, i. e. whether there was an unconditional offer by defendant, and acceptance by plaintiffs, at any time, in view of the light of the surrounding circumstances. Thus viewed, defendant's first letter appears to have been nothing more than a business circular, and was treated as such by both parties. The circular said, "I can offer." It was a mere notice to plaintiffs. That they looked upon it as such, and not as a binding offer, is shown by their acceptance of the contract forwarded to them by defendant, without objecting to the fact, then appearing, that the defendant was a mere agent, and by the further negotiations between the parties. Plaintiffs' acceptance was conditional. Vassar v. Camp, 11 N. Y. 441; Myers v. Trescott, 59 Hun, 395, 13 N. Y. Supp. 54, and cases cited; Corcoran v. White, 117 Ill. 118, 7 N. E. 525. Defendant's reply acknowledged the receipt of the order, and inclosed a contract for plaintiffs to accept. Plaintiffs' acceptance thereof was a waiver of any right they might have had to hold defendant as principal; and, as they changed the terms of the contract, defendant or his principal, not agreeing thereto, were at liberty to discontinue the negotiations.

We think the reversal must be sustained on still another ground. If the offer and acceptance were unconditional, thereby constituting a valid contract, evidence that a written contract, when submitted by defendant, had been changed by plaintiffs, which change defendant refused to accede to, was sufficient to show that the minds of the parties had never met, and that no contract existed. Frazer v. Small, 13 N. Y. Supp. 468; Bread Co. v. Maggs, 44 Ch. Div. 616. The order of the general term must therefore be affirmed, and judgment absolute rendered for the defendant, with costs of this appeal, and in the court below. All concur.