## Smith *v.* Kaufman, Appellant.

*Contract—Building contract—Breach.*

A person who enters into a contract with a builder, cannot avoid liability on the contract, because he was disappointed in securing the money which was to cover the contract price, and this is the case although the builder may have had knowledge of the plan in accordance with which the land, and a part of the money for the erection of the building, was to be secured.

*Practice, C. P.—Trial by court without a jury—Findings of fact.*

The findings of fact of a judge who by agreement tries a case without a jury, are no more reviewable on appeal than is the verdict of a jury, and an appellate court will only look beyond the findings of fact when the assignment of error is such as could be heard if the trial had been before a jury according to the course of the common law.

*Contract—Reducing contract to writing.*

Where all the terms of a contract are agreed upon and its reduction to writing is provided for, merely for facility of proof as to its terms, such provision for a contract in writing is not inconsistent with a present contract, and this is especially true in a case where the things to be done are provided for in written plans and specifications, and where there is evidence of the intention of the parties to proceed to work at once under the oral contract.

*Contract—Breach—Loss of profits—Damages.*

Profits or advantages which would result from a fulfillment of a contract, may, if the contract is broken, be compensated in damages where they are the direct and immediate fruits of the contract.

Argued Dec. 5, 1905.    Appeal, No. 55, Oct. T., 1905, by defendants, from judgment of C. P. Montgomery Co., March

Statement of Facts.     [30 Pa. Superior Ct.

Term, 1904, No. 43, for plaintiff on case tried by the court without a jury in suit of Wilson J. Smith v. Leo Kaufman and Max Kaufman.  Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Assumpsit on breach of a building contract.

The case was tried by WEAND, J., without a jury under the provisions of the Act of April 22, 1874, P. L. 109.

The trial judge found the following facts and conclusions of law :

### FINDINGS OF FACT.

1. Defendants proposed to build a factory at Duryea, Luzerne county, and employed McCormick & French, architects, to prepare plans and specifications and advertise for bids.

2. On the day fixed for the opening of the bids, which was done in the presence of the architects and defendants, it was ascertained that plaintiff was the lowest bidder.  He was at once sent for and notified of the fact.  His bid was $14,697. This took place on June 27, 1902.

3. Mr. Smith was told that the work should be his, that he should get the contract and that the contract was awarded him, and no delay was to be allowed in proceeding at once to work. He was to go ahead at once.   The contract and a bond of plaintiff to secure performance were to be afterward sent to defendants at New York.

4. Within a few days plaintiff sent an agreement signed by him, with a bond executed, to defendants' address in New York and received no reply.   On July 9, 1902, telegraphed defendants, " Have you executed contract and when may I expect it ? " but received no reply.

5. Under date of July 25, 1902, the agreement with bond was returned to the architects by the New York attorneys of defendants with the statement that " Mr. Kaufman cannot enter into any agreement in reference to the construction of buildings and we return the papers to you."

6. At the meeting held June 27, 1902, nothing was said as to the conditions to be contained in the agreement.   No fault was found by defendants with the agreement or bond.

7. Immediately after being awarded the contract plaintiff sublet part of it, commenced to get out mill work, ordered

lumber, and up to the time when he received the letter from defendants' attorney had expended $291.77. If the contract had been carried out the plaintiff would have realized a profit of $995.47.

8. We find as a fact that the contract was awarded plaintiff, that he was ordered to commence operations without waiting for the signing of the agreement or execution of the bond, and that defendants broke their contract without cause, justification or excuse.

### CONCLUSIONS OF LAW.

1. That plaintiff is entitled to recover a verdict.

2. That he is entitled to recover the money expended for labor and materials furnished in pursuance of his contract, together with the profits he would have made if the contract had been faithfully carried out.

And now, December 5, 1904, verdict in favor of plaintiff for $1,287.24, with interest from July 25, 1902, to November 25, 1904—$180.25, total $1,467.49; and unless exceptions are filed within the time required by law, after notice to defendants or their attorney, the prothonotary will enter judgment accordingly.

*Errors assigned* were as follows : (1) The court erred in overruling the offer of the defendants of the agreement between the defendants and Isidor Kaufman upon the one part, and Solomon Hirsch of the other part, which offer was to be followed up with notice to Mr. Smith, the plaintiff, of the existence of this agreement and the further fact that Hirsch had failed to comply with his part of said contract ; (2) the court erred in finding as a fact that the contract was awarded plaintiff, that he was ordered to commence operations without waiting for the signing of the agreement or execution of the bond, and that defendants broke their contract without cause, justification or excuse ; (3) the court erred in finding as a conclusion of law that the plaintiff was entitled to recover " the profits he would have made if the contract had been faithfully carried out ; " (4) the court erred in finding that there was a contract consummated in this case; (5) the court erred in entering judgment in favor of the plaintiff.

268      SMITH *v.* KAUFMAN, Appellant.

*Emanuel Furth* and *J. P. Hale Jenkins*, for appellant, cited: Leskie v. Haseltine, 155 Pa. 98; Emerson v. Graff, 29 Pa. 358; Gardner v. Lloyd, 110 Pa. 278; Shupe v. Gailbraith, 32 Pa. 10; Rightmire v. Hirner, 188 Pa. 325.

*Montgomery Evans,* with him *John M. Dettra* and *S. J. Strauss,* for appellee, cited: Bradlee & Co. v. Whitney, 108 Pa. 362; Southern Maryland R. R. Co. v. Moyer, 125 Pa. 506; Eichman v. Hersker, 170 Pa. 402; Fleer v. Reagan, 24 Pa. Superior Ct. 170; Campbell v. Philadelphia, 10 W. N. C. 221; Imperial Coal Co. v. Port Royal Coal Co., 138 Pa. 45; Adams Express Co. v. Egbert, 36 Pa. 360.

OPINION BY HENDERSON, J., January 13, 1906:

The contract between the defendants and Solomon Hirsch, the rejection of which is the subject of the first assignment of error, could only have been properly admitted when it was made to appear that the plaintiff's contract was dependent upon the performance by Hirsch of his undertaking. It is not shown in any part of the evidence, however, that the plaintiff and defendants entered into their engagement with any reservation on account of the contingency of Hirsch's failure so to do. The transaction between the plaintiff and defendants was the tender, by the latter, of a contract for the erection of a building, according to plans and specifications adopted by them, a bid by the plaintiff for the construction of the building, in accordance with the plans and specifications, an acceptance of this bid by the defendants, and an award of the contract to the plaintiff. The obligations of the plaintiff and defendants, thus created, were absolute and had no connection with the collateral agreement between the defendants and Hirsch. The agreement with the plaintiff was, no doubt, entered into by the defendants in anticipation of the investment, by Hirsch, of the amount of money called for in his contract, and their action in undertaking the project, was evidently instigated by their faith in Hirsch's ability to perform. If their overconfidence led them to the creation of a personal obligation, binding on them, without regard to their claim on Hirsch, the plaintiff is in no way to blame for their present predicament. If they desired to make the construction of the building dependent upon the receipt of

the money, which Hirsch had undertaken to raise, they should have so provided when the contract was awarded to the plaintiff. It was not proposed to show that the plaintiff's bid was made and accepted upon any contingency. It was only alleged that he had knowledge of the plan, in accordance with which the land and a part of the money for the erection of the building were to be secured; but this, if shown, would not have changed the legal attitude of the parties. The plaintiff had a right to assume that the defendants were made secure in their arrangements with Hirsch; that they understood their situation, and that his agreement with them had no legal connection with their arrangements with Hirsch.

The second and fourth assignments challenge the accuracy of the conclusions of the trial judge on questions of fact. That there was evidence tending to show the execution of the contract and the breach by the defendants, is manifest. There was a foundation, therefore, for the findings complained of. Evidence was offered, which pointed directly toward the result arrived at. This evidence was competent and relevant, and the inferences drawn therefrom, are reasonable. Such being the case, we can not go into an examination of the credibility of the witnesses and the contradictions in their testimony. That was the duty of the judge who sat both as court and jury, in the trial of the cause. The rule as to the findings of fact of the court or a referee, is the same: Eichman v. Hersker, 170 Pa. 402. It has been declared in a number of cases, that findings of fact, by the court, are no more reviewable on appeal than is the verdict of the jury, and an appellate court will only look beyond the findings of fact when the assignment of error is such as could be heard if the trial had been before a jury, according to the course of the common law: Bradlee v. Whitney, 108 Pa. 362; Southern Maryland R. R. Co. v. Moyer, 125 Pa. 506; Eichman v. Hersker, 170 Pa. 402; Fleer v. Reagan, 24 Pa. Superior Ct. 170.

The appellants attach importance to the fact that the contract was to be reduced to writing and a bond tendered, accompanying it, and contend that until the contract in writing was signed by the parties, no obligation existed. If it anywhere appeared in the case that the preparation of a written agreement and its execution by the parties was made a condition

precedent to the vitality of the contract, no contract would, of course, exist without such writing. Where, however, all the terms of the contract are agreed upon and its reduction to writing is provided for, merely for facility of proof as to its terms, such provision for a contract in writing, is not inconsistent with a present contract, and this is especially true in a case where the things to be done are provided for in written plans and specifications. Moreover, there is direct evidence of the intention of the parties to proceed, at once, on the contract set up by the plaintiff. The arrangement for the preparation of written copies was not to enable the parties to consider terms not then arranged. Their minds were in accord as to all of its provisions and the writing was to exhibit just what they had agreed upon and understood. The finding of the court that the contract was executed, that its performance was to be immediately entered upon and that the preparation of the written form of the contract and the bond were matters to be subsequently attended to, is well supported by the testimony and is conclusive of the question of the plaintiff's right to recover. Leskie v. Haseltine, 155 Pa. 98, to which our attention is called by the appellant's counsel, does not go far enough to support their argument, for in that case the contract was not awarded. The remark of the architect or the defendant, after the bids were opened, " You are the lucky man," was said to amount to nothing more than a recognition of the fact that he was the lowest bidder. There was something more to be done than open the bids and ascertain their amounts. The bidder must be accepted and the contract awarded to him. No obligation rested on the person advertising for bids, to accept the lowest bidder. In short, there was no contract at all. The difference between that case and the one presented by the appellant is obvious. The defendants admit that the plaintiff was the lowest bidder, that he was accepted by them and that they awarded a contract to him. The only important question in dispute was whether they directed him to proceed at once in the execution of the contract, and not to wait until the contract was reduced to writing, and that question the court answered against them.

The only remaining question relates to the measure of damages. That the plaintiff is entitled to recover the amount ex-

pended for materials and labor in execution of the contract, in case of a breach, will not be disputed, and we think it clear that, under the evidence, he is entitled to the profits of the bargain. The evidence definitely disclosed what that profit would have been, if the contract had been carried out. Bids for subdivisions of the work were tendered to the plaintiff, the cost of other parts of the work was shown and the profit from the whole made evident to the satisfaction of the court. This profit was the difference between what the labor and materials would have cost the plaintiff, as proved by him, and the contract price to be paid by the defendants. There is nothing speculative or estimated in this part of the plaintiff's case, if the evidence is credited. His loss was actual and substantial and could be readily ascertained. " The loss of profits or advantages which must have resulted from a fulfillment of the contract, may be compensated in damages where they are the direct and immediate fruits of the contract : " Adams Express Co. v. Egbert, 36 Pa. 360 ; Imperial Coal Co. v. Port Royal Coal Co., 138 Pa. 45. We are satisfied that the conclusion reached by the court was correct under the evidence and the law applicable thereto.

The judgment is affirmed.