CEDAR RAPIDS LUMBER COMPANY, Appellee, v. R. H. FISHER, Defendant, H. C. MAY, *et al.,* Garnishees, Appellants.

**Schools:** CONTRACTS FOR BUILDING: BIDS: FORFEITURE OF DEPOSITS.
1 A telegram notifying a contractor, who had submitted a bid for the construction of a school house that "You are low bidder. Come on morning train," does not constitute a binding contract which will authorize a forfeiture of the deposit accompanying the bid, upon refusal of the contractor to proceed.

**Same:** EVIDENCE. Evidence reviewed and held that there was no
2 refusal to contract for the construction of a school house on the part of the bidder which would authorize a forfeiture of his deposit.

Same: MEASURE OF DAMAGES. Upon a refusal of the lowest bidder to enter into a contract for the construction of a school house, the board cannot discard all bids submitted, enter into a contract with a non bidder and recover of such lowest bidder the difference between his proposition and the contract price.

*Appeal from Cedar Rapids Superior Court.*— HON. J. H. ROTHROCK, Judge.

MONDAY, JANUARY 15, 1906.

THIS is a proceeding in garnishment. Plaintiff is a judgment creditor of R. H. Fisher, and under execution issued caused the school district of Silver Lake township, Dickinson county, and the officers of said district, to be garnished as supposed debtors of said Fisher. The garnishees answered, and upon issue joined a hearing was had before the court, resulting in a judgment in favor of plaintiff. The garnishees appeal.— *Affirmed.*

*Francis & Owen,* for appellants.

*Redmond & Stewart,* for appellee.

BISHOP, J.—We shall not attempt to set forth the issues in detail. It will be sufficient to state the facts. October 14, 1903, the school district advertised for bids for the erection of a schoolhouse, and in the notice made requirement for a certified check for $500 to accompany each bid. Nothing was said in the notice as to the purpose of such requirement. The notice closes thus: " It is the intention of the board to award the contract to the lowest responsible bidder, and to require the successful bidder to give bonds, etc., but the board reserves the right to reject any and all bids." Said R. H. Fisher forwarded a bid on the work, and accompanied the same with a certified check for the sum of $500 made payable to . the president of the board. At a meeting of the board thereafter held for that

purpose the bids filed were opened, and it was found that out of fourteen Fisher was the lowest bidder. Thereupon, as shown by the secretary's minutes of the meeting, "motion was made and carried that the contract   .   .   .   as per plans and specifications be awarded to R. H. Fisher, he being the lowest bidder   .   .   .   and that the secretary be instructed to telegraph said Fisher to that effect." The secretary sent to Fisher a telegram as follows: "You are low bidder. Come on morning train."

Upon reaching the ground, Fisher met the members of the board informally, and told them that he had made a mistake in his bid of $1,533, and explained that the same occurred in footing up the figures. Thereupon the board members stated that they desired to change the specifications by adding different and more expensive material, to the additional value of $600. Fisher then stated that the amount of his bid as filed — being $15,131 — with the sum omitted by error, as claimed by him, and the value of the materials to correspond to the change requested, would make a total sum of $17,400, and expressed his willingness to build the building for that sum. It appears that such aggregate sum was $100 less than the next lowest bidder, and $325 less than the third lowest bidder. Without a further word being said, as far as shown by the record, the members of the board withdrew and held a meeting, Fisher not being present. In such meeting, as shown by the minutes of the secretary, it was declared that Fisher had refused to go into a contract on the basis of the bid as made by him, and on motion the $500 deposited by him was declared forfeited to the district. The board then proceeded to award the contract for the building to a contracting firm who had made no bid on the work; the contract price being the sum of $17,900. The record does not disclose any further conversation or communication between the board or its members and Fisher.

The argument of counsel for appellant proceeds upon

the theory that, in view of the action taken by the board and the sending of the telegram, there was a completed contract; that, as Fisher refused to join in reducing such contract to formal writing and thereunder proceed with the work, the right of the board to declare forfeited the check and appropriate the same to its own use was complete. In view of the record before us, there is no force in the argument thus presented. Without stopping to speculate upon the purpose of requiring the deposit of the check, or what might be the rights of the district under some state of facts, it is clear to our minds that there is no warrant for the conclusion that a completed contract was accomplished by the sending of the telegram. The action as in fact taken by the board, considered by itself, cannot be permitted to control the situation. Until communicated to Fisher, it amounted to no more than the forming of a conclusion to accept of his bid and to enter into contract relations with him. It is not enough to determine upon an acceptance, but that determination must be communicated to the other party. This is elementary; but see 9 Cyc. page 270, and the cases cited.

1. SCHOOLS: contracts for building: bids: forfeiture of deposit.

So, too, it is plain that the telegram cannot be given the effect of an acceptance of the bid of Fisher, and so give rise to contract relations as contended for by appellants. It served no further purpose than the words thereof import, to advise Fisher that his bid was lowest, and that further consideration or arrangement awaited his appearance in response to the invitation to come. Not only must there be an acceptance, but it must be unqualified. It has frequently been held that a message similar in wording to the one in question is not sufficient. *Leskie v. Haseltine,* 155 Pa. 98 (25 Atl. Rep. 886); *Erving v. Mayor,* 131 N. Y. 133 (29 N. E. Rep. 1101); *Kirwan v. Byrne,* (Com. Pl.) 29 N. Y. Supp. 287; *Havens v. Insurance Co.,* 11 Ind. App. 315 (39 N. E. Rep. 40).

But, if what has been said foregoing were not true, it must be remarked that the evidence fails to make it appear that there was a refusal on the part of Fisher. He was not told when he reached the district that his bid had been accepted. Indeed, it would seem that acceptance was being withheld until a change in the specifications could be considered and agreed upon; and this, notwithstanding the action of the board as reflected by the minutes of the secretary. All we have in the way of evidence is that Fisher communicated the fact of the mistake in his figures to individual members of the board, and the latter communicated to him their desire for a change in the specifications. Thus acting no agreement was attempted, and none could have been made. The board when in session did not call upon Fisher to contract in accordance with his bid, nor did it give him a chance to refuse to do so. It proceeded summarily to sever all relations with him, and to contract with a third party. Out of such a situation it was not possible for a forfeiture to arise.

2. SAME: evidence.

Moreover, there was no provision for a forfeiture, and the law will not hasten to imply that such was intended. And, even if damages were recoverable, it could not be upon the basis as contended for by counsel for appellant; that is, the difference between the bid of Fisher and the price at which the contract was let to a nonbidding party. And this must be true because the board thus proceeded without authority. It should have accepted one of the bids made, or, if all were rejected, readvertise for bids. Code, section 2779; *Weitz v. Ind. District,* 79 Iowa, 423.

3. SAME: measure of damages.

In any view the judgment of the trial court was correct, and it is *affirmed.*