# Carbondale School District, Appellant, *v.* Hourigan.

*Bankruptcy—Receiver—Trustee—Joint action—Amendment of record on appeal.*

1. Where a federal receiver and trustee in bankruptcy is sued in one action, in both capacities, in a state court, without leave of the court which appointed him, judgment for defendant will be entered on demurrer.

2. On an appeal from such judgment an amendment of the record will not be allowed by the appellate court, so as to permit the suit to stand against the trustee only. The court below is not to be convicted of error because of an amendment to the record made after it reaches the upper court.

Argued February 24, 1920. Appeal, No. 226, Jan. T., 1920, by plaintiff, from judgment of C. P. Lackawanna Co., Oct. T., 1918, No. 301, on demurrer by defendant, in case of Carbondale City School District v. Andrew Hourigan, Receiver and Trustee of the Wyoming Engineering Construction Co. of Wilkes-Barre. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Assumpsit for breach of contract.

The defendant filed an affidavit of defense in the nature of a demurrer.

NEWCOMB, J., filed the following opinion:

Whether the cause of action here stated is a subject of litigation in this court is a disputed question about which no opinion need be now expressed.

It appears by the pleadings that suit is founded upon an alleged breach by the construction company of its contract with plaintiff; that the company was afterwards adjudged a bankrupt; and thereupon Mr. Hourigan, this defendant, became the receiver of its assets and eventually the trustee of the bankrupt's estate.

If he is officially responsible, therefor, the responsibility must be enforced in the court having jurisdiction of his official account.

Again, in his capacity of receiver he can only be sued by leave of the court which he serves as agent. In that behalf his status and functions vary materially from those attaching to his office of trustee. Hence the attempt to charge him in both capacities is anomalous, to say the least.

Plaintiff has manifestly mistaken its remedy.

The demurrer is accordingly sustained and judgment on the pleadings is entered for defendant.

Plaintiff appealed.

*Error assigned* was the judgment of the court.

At the argument on appeal, the appellant prayed the court to permit the record to be amended by dropping the word "receiver" after the name of Andrew Hourigan so that the suit would stand against him as trustee only.

*A. A. Vosburg,* with him *John F. Reynolds,* for appellant.

*Ralph W. Rymer,* for appellee, was not heard.

Per Curiam, April 12, 1920:

At the time the court below entered judgment for the defendant on the pleadings the action stood against him as receiver and trustee in bankruptcy.   He had been sued in one action in both capacities, and the judgment was on the record as it then stood.   The court below is not to be convicted of error because of an amendment to the record made after it reached this court.   The judgment is affirmed on the opinion in pursuance of which it was entered.

Judgment affirmed.