Taylor, Appellant, *v.* Stanley Co. of America.

Argued December 3, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*Francis Shunk Brown,* with him *Ira Jewell Williams,* for appellant.—Appellant was a party to the agreement of 1924 since appellant was a party to paragraph five.

Appellant is not a third party; he is the party of the third part: Greene Co. v. Surety Co., 292 Pa. 304; Delp v. Brewing Co., 123 Pa. 42; Cox v. Pottery Co., 214 Pa.

373; Howes v. Scott, 224 Pa. 7; Rose v. Zurich, etc., Co., 296 Pa. 206; Tasin v. Bastress, 284 Pa. 47; Grove v. Hodges, 55 Pa. 504; Knox's Est., 131 Pa. 220; Kimmel's Est., 278 Pa. 435; Steinenger v. Hoch, 39 Pa. 263.

No signature was required. The contract was not within the statute of frauds. A contract not required to be in writing need not be signed provided it be accepted and acted on: Flannery v. Dechert, 13 Pa. 504; P. R. R. v. Bost, 104 Pa. 26; Heyer v. Piano Co., 6 Pa. Superior Ct. 504; Producers Coke Co. v. Hoover, 268 Pa. 104; Hancock v. Malloy, 187 Pa. 371.

The terms of the original employment contract were incorporated by reference into the Stanley-Taylor agreement: Phila. v. Jewell, 135 Pa. 329; Title G. & S. Co. v. Lippincott, 252 Pa. 112.

A reference in an agreement to another agreement may make the terms of the latter a part of the former: Morris v. Campbell, 186 Pa. 589; Cooper v. Shaver, 101 Pa. 547; Guerini Stone Co. v. Construction Co., 240 U. S. 264.

The Stanley-Taylor management contract superseded the Zimmerman-Taylor contract. There was a novation: Kidder Elevator Co. v. Muckle, 198 Pa. 388; Graham v. Dempsey, 169 Pa. 460; Jessup & Moore Paper Co. v. Paper Co., 283 Pa. 434; Phila. Ball Club v. Lajoie, 202 Pa. 210; Freedom Oil Co. v. Williams, 302 Pa. 51; Real Est. Co. v. Rudolph, 301 Pa. 502; Stetler v. Transit Co., 258 Pa. 292, 302; McBrier v. Marshall, 126 Pa. 290; Wallace v. Floyd, 29 Pa. 184; Smith v. Kaufman, 30 Pa. Superior Ct. 265; Donaldson v. Ins. Co., 269 Pa. 456; Park v. Ry., 58 Pa. Superior Ct. 419.

*Morris Wolf,* for appellee, cited: Patterson v. Boro., 294 Pa. 401; Rose & Sons v. Accident Co., 296 Pa. 206; McCarthy v. Boro., 299 Pa. 305; Leuten Brick Co. v. Killen, 235 Pa. 144; Levine v. Bank, 281 Pa. 477; Price v. Robbins, 298 Pa. 568; Shiroff v. Weiner, 299 Pa. 176.

OPINION BY MR. JUSTICE DREW, January 5, 1932:

This action in assumpsit was brought by plaintiff to recover salary alleged to be due on a contract of employment. The court below, on an affidavit of defense raising questions of law, entered judgment for defendant, and plaintiff took this appeal.

The facts can be briefly summarized as follows: On October 14, 1917, plaintiff, Marshall W. Taylor, entered into a written contract with J. F. Zimmerman, by the terms of which, inter alia, Zimmerman employed plaintiff to act as general manager of all his vaudeville and moving picture theatres, at a salary of $22,500 a year, for a period of ten years. The contract could only be terminated by the mutual consent of the parties. On October 15, 1924, Zimmerman, by an agreement in writing, leased these theatres to the defendant, Stanley Company of America, for a period commencing November 1, 1924, and ending May 31, 1945, which lease, inter alia, in paragraph five, provides as follows: "It is further understood and agreed that Lessee is to assume the contract for services now existing between J. Fred Zimmerman & Sons and Marshall W. Taylor dated May 17, 1917, under which the compensation of said Marshall W. Taylor is $22,500 per annum, and the term of which extends to May 17, 1927, and upon the expiration of the said contract Lessee agrees to extend the same for the balance of the term of this lease, provided, however, that the said contract may be terminated by the death, resignation or incapacity of the said Marshall W. Taylor. Incapacity shall mean incapacity continuously for one year."

The sixth paragraph of the statement of claim is as follows: "Plaintiff avers that pursuant to the request of all the parties mentioned in said agreement of October 15, 1924, the plaintiff, on October 15, 1924, at the time of the signing of the said agreement by the parties whose signatures appear at the end of said agreement, orally accepted the provisions of said paragraph five of said

agreement, and at the request of the said parties and in their presence, as a note or memorandum of such acceptance, endorsed on three copies of said agreement in the margin of said paragraph five the following: '#5 accepted. M. W. T.' " The lease was signed and sealed by an agent for Zimmerman and by the president of the defendant company.

The plaintiff was continued in his duties and employment as general manager, not only to the expiration of the term of the contract he made with Zimmerman, May 17, 1927, but until November 7, 1929, two years and six months later, when he alleges defendant "wrongfully and without just cause" ceased paying his salary.

To the plaintiff's statement of claim an affidavit of defense by way of demurrer was filed, raising the legal questions that the statement does not disclose a cause of action, that it does not show a contract between plaintiff and defendant, and that plaintiff is claiming upon an instrument under seal to which he is not a party. The court below being of opinion that plaintiff's claim was based upon the lease to which he was not a party, sustained the demurrer and entered judgment for the defendant. We think this was error. It seems to us the statement of claim sufficiently sets forth an oral contract and that the demurrer should have been overruled and the defendant required to answer. The lower court evidently overlooked the oral contract shown by the averments of the sixth paragraph of the statement wherein plaintiff alleges he orally accepted the proposition made him, at the request of the parties to the lease, and at the time of its execution. This constituted an offer and acceptance. The offer was made by the president of the defendant company, concurred in by Zimmerman, who was transferring his contract, and was accepted by plaintiff. The full terms of the oral agreement were written into the lease for the reason that they formed part of the contract between Zimmerman and the Stanley Company; the former in parting with

his theatres was transferring his contract for their management, and the latter, in taking over the theatres, was obtaining the management under which they had been operated for years. At their request plaintiff orally accepted the proposition made to him, and since it was the same as that contained in the lease, the parties thereto requested him to signify his acceptance on the margin, and he did so, and for the purposes of Zimmerman and the Stanley Company, the parties to that contract. By this offer and acceptance a valid contract was entered into by plaintiff and defendant; paragraph five of the lease is a complete memorandum of it, and as evidence of the contract and its terms, it could hardly be improved upon.

The terms of this contract being clearly indicated in the fifth paragraph of the lease, they are beyond dispute by either party. This paragraph shows mutual assent and consideration; the competency of the parties being admitted, all the elements of a valid contract appear.

This contract took effect by way of novation. All parties concerned agreed to the substitution of a Stanley-Taylor contract for the Zimmerman-Taylor contract, and in that way extinguished the old contract. The consideration is obvious—Zimmerman was released, Taylor got an extension for eighteen years, and the Stanley Company obtained the services of Taylor. The essential elements of a novation are clearly stated in Wright v. Hanna, 210 Pa. 349: "The displacement and extinction of the prior contract, the substitution of a new contract, a sufficient consideration therefor, and the consent of the parties thereto." See also: Curtin v. Gas Co., 233 Pa. 397; Jones v. Casualty Co., 255 Pa. 566; Parish Mfg. Corp. v. Martin-Parry Corp., 285 Pa. 131; Bank v. Lipschitz, 296 Pa. 291. The assent to a change in parties may be shown by circumstances showing such assent: Parish Mfg. Corp. v. Martin-Parry Corp., supra.

In now claiming that this contract took effect by way of novation, plaintiff has not changed his position as taken in the court below, even if he did not argue the question there, as defendant asserts, because, under the facts averred in the statement of claim, a contract to manage these theatres for defendant necessarily implied a novation. He could not continue to manage the theatres for Zimmerman after they were leased to defendant. He did manage them for defendant, and was paid for his services. It seems to us that a novation is clearly implied by the facts alleged in the statement of claim; indeed, we cannot see how those facts could be understood otherwise. The general rule is laid down in 46 C. J. 623, where it is said that novation must be pleaded by "unequivocal implication." The facts here seem to fall squarely within that rule.

The defendant contends that paragraph five of the lease does not evidence a contract extending to 1945, that it is vague and indefinite, that the most it does show is that the parties intended to make a contract at some time in the future, and that, therefore, the provision as to the extension is not definite enough to be enforced. The answer to this is found in the paragraph itself—it evidences all the necessary features of a contract to 1945; it cannot be said to be vague or indefinite in any way. And even if, as contended by defendant, the intention of the parties was to make a written contract later, and this was not done, in the absence of a condition precedent to that effect, and none such is claimed here, the oral contract would be valid and enforceable. Where all the terms of a contract are agreed upon and its reduction to writing is provided for, merely for proof as to its terms, such provision for a written contract is not inconsistent with a present contract, and this is especially true where the thing to be done is provided for in a written memorandum. The minds of the parties having met and reached an accord as to the essential provisions of the contract, such writing would sim-

ply exhibit just what they agreed upon and understood: Schermer v. Wilmart, 282 Pa. 55; Smith v. Kaufman, 30 Pa. Superior Ct. 265. The general rule is well stated in 13 C. J. 290: "If it appears that the minds of the parties have met, that a proposition for a contract has been made by one party and accepted by the other, that the terms of this contract are in all respects definitely understood and agreed on, and that a part of the mutual understanding is that a written contract embodying these terms shall be drawn and executed by the respective parties, this is an obligatory agreement, which dates from the making of the oral agreement and not from the date of the subsequent writing."

Plaintiff has filed a petition to be permitted to amend his statement of claim so as more clearly to aver the oral contract. Such amendment will not be permitted by this court, as it would change the factual situation as presented to the court below. That court is not to be convicted of error because of an amendment to the record made after it reached this court: Carbondale S. Dist. v. Hourigan, 267 Pa. 154. Plaintiff may, after the record has been remitted, apply for leave to make the proposed amendment. We have no doubt such application would be granted, because the affidavits presented with the motion, made by the then officers of the defendant company who participated in the making of this lease, support the averment of an oral contract between plaintiff and defendant, made at the time of the execution of the lease.

This is not an action on a third party contract, as the lower court decided. Paragraph five of the lease is not the contract sued upon. The suit is on an oral contract, and that paragraph is a memorandum and evidence of it.

The judgment of the court below is reversed and the record is remitted with a procedendo.

Mr. Justice KEPHART dissents.