Moudy, Appellant, v. West Virginia Pulp and Paper Company.

Argued March 16, 1956. Before STERN, C. J., JONES, BELL, MUSMANNO and ARNOLD, JJ.

*T. Dean Lower,* for appellants.

*Robert C. Haberstroh,* for appellee.

OPINION BY MR. JUSTICE ARNOLD, April 16, 1956:

Plaintiffs appeal from the judgment of the court below sustaining preliminary objections, in the nature of demurrer, to the complaint in this action of assumpsit. The action is founded upon a writing alleged by plaintiffs to be a contract entered into by the parties.

The complaint alleged, inter alia, that plaintiffs and defendant had been separately attempting to purchase a farm from a third party; as a result the price offered

had been substantially increased; on March 12, 1948, at defendant's request, and to resolve their interests, *defendant's attorney prepared an instrument designated "Memorandum of Agreement" which was executed in his office by authorized persons.* On this plaintiffs promised to, and did, cease negotiations upon defendant's promise that "if and when it purchased the same and succeeded in getting legal title to the same, it would give to . . . plaintiffs, free of all costs, all of the quarry screenings . . . on the said farm . . ."; plaintiffs withdrew; defendant obtained title in April, 1951, but gave no notice of the same to plaintiffs and plaintiffs did not learn of the purchase until 1953; immediately after which they unsuccessfully sought to have defendant perform under the contract.

Defendant contends that there was no contract, on the basis that the instrument required a copy thereof be sent to the home office of defendant "and that an agreement setting forth substantially the [same] . . . terms shall be prepared and executed by the officials of said Company, duly authorized to execute said agreement." It further contends that if deemed a contract it cannot be enforced because "discharged by the passage of time." Neither position can be sustained under the pleadings.

On its face the instrument constitutes in all respects a complete and binding contract. It recites a consideration acknowledged to have been received by defendant; gives plaintiffs the screenings and provides conditions for removal; grants to plaintiffs, for ten years, the right to quarry stone upon a stipulated royalty; and recites that the agreement was "contingent upon [defendant] . . . obtaining legal title."

Taking as true the averments of the complaint these parties definitely entered into a valid and binding con-

tract on March 12, 1948. We held in *Taylor v. Stanley Co. of America,* 305 Pa. 546, 552, 158 A. 157: "Where all the terms of a contract are agreed upon and its reduction to writing is provided for, merely for proof as to its terms, such provision for a written contract is not inconsistent with a present contract, and this is *especially true where the thing to be done is provided for in a written memorandum.* The minds of the parties having met and reached an accord as to the essential provisions of the contract, such writing would simply exhibit just what they agreed upon and understood." (Italics supplied). Although a formal contract is to be thereafter executed, if the terms have been agreed upon legal obligations may arise: *Morganstern Electric Company v. Coraopolis Borough,* 326 Pa. 154, 157, 191 A. 603.

In *Schermer v. Wilmart,* 282 Pa. 55, 127 A. 315, we upheld as a binding contract a receipt given for a down payment on the purchase price of land even though it required further down payment and provided that "a regular agreement of sale" would thereafter be prepared. We there said, at page 58: "The mere fact that the receipt contemplated a more formal document to be drawn in the future, does not alone defeat the right to [specific performance.]"

More recently in *Onyx Oils & Resins, Inc. v. Moss,* 367 Pa. 416, 420, 80 A. 2d 815, we approved the same principles set forth in *Nicholls v. Granger,* 40 N.Y.S. 99, which case followed as authority *Sanders v. Pottlitzer Bros. Fruit Co.,* (N.Y.), 39 N.E. 75. In the latter the Court held, at page 76: "But here the contract was already in writing, and it was none the less obligatory upon both parties because they intended that it should be put into another form, especially when their intention is *made impossible by the act of one*

*or the other of the parties* . . . A stipulation to reduce a valid written contract to some other form cannot be used for the purpose . . . of evading the performance of those things . . . mutually agreed upon by such means as made the promise or assent binding in law." (Italics supplied).

In this case, as pleaded, the terms were full and complete and were mutually understood and agreed upon. The minds of the parties had met, and there was a valid and binding contract. The later instrument, rendered impossible of execution because of defendant's own act, was not a prerequisite to right of action by plaintiffs.

The contract additionally provided that plaintiffs should remove the screenings "by July 1st, 1948." Because defendant did not obtain title until April 12, 1951, it argues that "an unreasonable period of time [had passed], and therefore the contract . . . was discharged long prior to the time [it] . . . acquired title." But the averments of the complaint, and the instrument itself, show that time was not of the essence of the contract, and it was contemplated that defendant would perform "if and when it purchased . . . and succeeded in getting legal title." This it failed to carry out. Plaintiffs having fully performed under the contract, and defendant having accepted the benefits of their performance, it cannot by its own act defeat plaintiffs' rights. In addition, the temporary impossibility to perform was in contemplation and recognized by the parties. Defendant was excused from performance during that time, but once it acquired title its duty to perform became absolute: Restatement, Contracts, §462. When defendant had acquired title it gave no notice thereof to plaintiffs. Immediately upon learning that defendant had acquired title, plaintiffs

requested performance, which was already beyond defendant's power since the screenings had been almost totally removed. At this point, however, plaintiffs were entitled to the same period of time to remove the screenings as had been given under the contract.

Defendant cannot avoid its obligation by the mere expediency of delay in obtaining title—a matter over which the plaintiffs had no control—there being no increased or undue burden cast upon defendant thereby. See *Acchione v. Commonwealth,* 347 Pa. 562, 32 A. 2d 764. Every circumstance was foreseen and provided for by the parties, and defendant must be put to its proof to establish any right to avoid performance under the agreement.

Judgment reversed with a procedendo.