{ Collingwood *against* Carson.

Each successive writ of *scire facias* to revive a judgment or recover damages for the breach of the condition of a bond on which the judgment has been rendered, must be founded upon the judgment which immediately preceded it. A recovery upon a writ of *scire facias* is a bar to any subsequent recovery upon the original judgment.

ERROR to the Common Pleas of *Allegheny* county.

Thomas Collingwood, for the use of Francis Irwin, against William Carson. This was a *scire facias post annum et diem* to June Term 1840, to revive judgment No. 294 of November Term 1816, and to show cause why damages should not be assessed by reason of certain breaches of the condition of the bond upon which the original judgment was entered.

The defendant pleaded specially that a writ of *scire facias* issued upon the same judgment to November Term 1825, upon which a judgment was rendered; and that another writ of *scire facias,* issued upon the same judgment to November Term 1830, upon which a judgment was rendered for the plaintiff.

The plaintiff replied to the first of the defendant's pleas that the original judgment was subject to a certain condition, and that at the institution of the aforesaid *scire facias,* no breaches of the condition of the original warranty on which said judgment was rendered, had accrued; that since the impetration of the said writ of *scire facias,* in defendant's plea referred to, breaches have accrued in said condition, which said breaches are duly set forth in the present action. And this he is ready to verify.

And that as to the further plea of the said defendant, the plaintiff replies that the said Francis Irwin, assignee of the said Thomas Collingwood, has sustained damage, as in the breaches filed he has heretofore alleged.

To this replication the defendant demurred, and the plaintiff joined in the demurrer.

The court below (Patton, President) rendered a judgment for the defendant.

*M'Candless,* for plaintiff in error, contended that the plaintiff had a right to recur to the original judgment as often as a breach occurred in the condition of it; and in support of this cited 4 *Watts* 345; 12 *Serg. & Rawle* 60; 1 *Penn. Prac.* 289; 3 *Rawle* 13; 2 *Tidd's Prac.* 1158.

*A. W. Foster* and *Foster, contra,* argued that each recovery upon

[Collingwood v. Carson.]

a writ of *scire facias* was a judgment *quod recuperet*, and a bar to any subsequent writ founded upon the same cause of action.    4 *Watts* 206 ; 1 *Penn. Rep.* 64 ; 7 *Watts* 85 ; 5 *Serg. & Rawle* 222 ; 5 *Watts* 318, 464.

The opinion of the Court was delivered by

HUSTON, J.—Thomas Collingwood obtained a judgment against William Carson on a bond with a warrant of attorney to confess judgment. It was entered No. 294, of November Term 1816. To April 1840 a *scire facias* issued on this judgment, in which, after stating that the judgment was for a debt of $1730, and that the said Thomas, for the use of Francis Irwin, has given the court to understand that the said debt so by him recovered was given under and subject to a certain condition therein written, whereby it was declared:

" Whereas the said William Carson, by deed bearing even date herewith, hath granted, bargained and sold, released and confirmed to the said Thomas Collingwood, his heirs and assigns, a certain tract of land, (describing it,) and whereas the said Thomas Collingwood does not certainly know that the said William Carson's title to the said tract or piece of land was good and indefeasible at the time of conveying the same to the said Thomas, his heirs and assigns as aforesaid ; therefore, the condition of the above obligation is such, that if the above bounden William Carson, his heirs, executors and administrators, do and shall from time to time, and at all times, well and sufficiently save, defend, and keep harmless and indemnify the above-named Thomas Collingwood, his heirs and assigns, and the said premises so as aforesaid granted, bargained, sold and conveyed to the said Thomas Collingwood, his heirs and assigns, and every part and parcel thereof, with the appurtenances, from and against all and every person or persons whomsoever lawfully claiming or to claim the same, and against all lawful claims whatsoever which may at any time hereafter be alleged, brought or produced against the same, then this obligation to be void, otherwise to be and remain in full force and virtue."

The *scire facias* then assigns breaches,—that on 29th November 1820, Thomas Collingwood conveyed the above-mentioned tract of land to Francis Irwin, in fee simple, (with profert of the deed,) who entered into possession, and being in possession by himself and William Tustin, his tenant, a writ of ejectment No. 10 of December Term 1826, of said county, was issued and served on the said Francis Irwin and William Tustin, who gave notice to William Carson, who did not defend, indemnify and save harmless the said Francis Irwin and William Tustin, but suffered a certain William Robison to recover the said premises, and to evict the said Irwin and Tustin.   That the recovery was on the 4th October 1830, and the eviction the 10th of March 1831, as by the record will appear.

II. — T *

[Collingwood v. Carson.]

And another stating the substance of the same facts in other words; and then proceeds, " which said breaches of the said writing obligatory so assigned, the said Thomas doth aver and give the said court to understand and be informed, and further and other breaches than the breaches for and by reason of which he obtained the said judgment so by him recovered as aforesaid, and for which further and other breaches he hath humbly besought us to provide him a proper remedy, and we being willing," &c., &c.

I have given as much of this as was necessary for the understanding of the point raised in this case.

The defendant, after some previous pleas, by leave of the court put in his plea as follows : " That the said Thomas Collingwood ought not to have and maintain his aforesaid action thereof against him, the said William Carson, because he saith that the said Thomas Collingwood heretofore and before issuing the said writ of *scire facias*, to wit, in November Term of said court, in the year of our Lord, one thousand eight hundred and twenty-five, No. 68 of said term, impleaded the said William Carson in a certain plea of *scire facias*, of and upon the same identical judgment in the writ in this present suit mentioned, upon which said writ of *scire facias* judgment was rendered by the said court in favour of the said Thomas Collingwood against the said William Carson, on 22d day of June 1826, upon which same judgment so rendered as aforesaid, the said William Carson saith, that afterwards and before the impetration of this writ, to wit, in November Term of the said court, in the year of our Lord one thousand eight hundred and thirty, No. 70 of said term, the said Thomas Collingwood impleaded the said William Carson, and did issue his writ of *scire facias* against the said William Carson, upon which last mentioned writ of *scire facias*, judgment was rendered by the said court against the said William Carson in favour of the said Thomas Collingwood, on 30th day of January, A. D. 1833, as by the records and proceedings of the said suits remaining in the said Court of Common Pleas, to wit, at the county aforesaid, more fully and at large appears; which said last judgment remains in full force and effect, and not in the least reversed, satisfied or made void, nor has either of them been reversed or made void, and this the said William Carson is ready," &c., &c.

To this plaintiff replied : " That the original judgment was subject to a certain condition, and that at the institution of the aforesaid *scire facias* no breaches of the condition of the original warranty, on which said judgment was rendered, had accrued; that since the impetration of the said writ of *scire facias*, in defendant's plea referred to, breaches had occurred in said condition, which said breaches are duly set forth in the present action, and this he is ready to verify."

To this replication William Carson, by his counsel, demurred generally; joinder in demurrer, and judgment for defendant.

[Collingwood v. Carson.]

In England if the money recovered in the judgment is not paid within a year, a *scire facias* must issue, notifying the defendant to show cause why execution should not issue. If, after an award of execution, it be not levied until another year has elapsed, another *scire facias* must issue to show cause why execution should not issue, and so again. All these writs of *scire facias* issue to show cause why execution should not issue on the original judgment. The amount recovered on it remains unaltered; it bears no interest. In this state, as early as 1700, it was enacted that interest should accrue on a judgment until the amount was paid. And when, after a year and day, a *scire facias* issued, the judgment for the plaintiff was, that he should have execution for the amount of his judgment and interest until judgment on the *scire facias*. Thus, the principal sum of the original judgment, and interest on it, became united, and their amount was the sum for which judgment was entered on the *scire facias*. If this was not paid at the expiration of the year, and it became necessary to issue another *scire facias*, it called on the defendant to show cause why he should not have execution on this last judgment; and if no cause shown, judgment was given for the amount of judgment on the *scire facias*, and interest on it; and so on as often as a *scire facias* issued, until the debt was paid. In *Fries* v. *Watson*, (5 *Serg. & Rawle* 220), this was objected to, as in fact giving the plaintiff compound interest; but the court held themselves bound by the practice from the date of the law. This matter has, in various shapes, been presented to this court since. I shall cite one or two cases. In *Maus* v. *Maus*, (5 *Watts* 318), it is said the judgment on a *scire facias* in this state is, that plaintiff shall recover (*quod recuperet*) the amount of the former judgment and interest. It had been decided that a judgment did not bind after purchased lands. A judgment on a *scire facias* has been often held to bind all lands then held by defendant, though purchased since the first judgment; 7 *Watts* 84. It is in more than one of these cases likened to debt on a judgment. The counsel were asked for a case where it had been held that after bringing debt on a judgment and recovering, the plaintiff could go back and again bring another action of debt on the original judgment. No such case was shown, and I have not been able to find one. I did find two cases in *Cro. Eliz.* 608 and 817, where a *scire facias*, and afterwards debt on a judgment and a plea that a *scire facias*, had issued, it was held no good plea; and in the last case, after debt on a judgment, and judgment in this suit, a *scire facias* issued on the first judgment, and two judges against one (the fourth being absent) decided the *scire facias* will lay. It is, say the majority, like a judgment on a bond, which does not prevent the obligee from again bringing debt on the same bond and recovering. Now this seems for a time to have been law, but in *Higgens's Case*, (6 *Co.* 45), it was decided that after obtaining judg-

[Collingwood v. Carson.]

ment on a bond no second suit on that bond can be sustained, unless the first judgment is reversed, and so has been the law ever since.

The application of terms used in speaking of material things, to things not material, to abstract rights, may, and sometimes does lead to confusion and mistake. A bond is said to be merged (drowned) in a judgment, or extinguished by a judgment. In the present and similar cases, it is in full force. If the plaintiff does not set out that it was conditional, the defendant can plead that it was so; and the trial and issues are joined on the performance or breach of those conditions. Our law allows an action on any evidence of debt or of contract; when an action is commenced and tried on this evidence of debt or of contract, the right founded on it is decided, and no new action for precisely the same cause, founded on the same evidence, is allowed. There may be different suits for the same debt proceeding against the same person at the same time; as a suit on a bond and on a mortgage for securing the same debt; or in this case covenant on the warrranty in the deed and debt on the bond; and one satisfaction ends both. But it is not admitted that two actions of debt, or of covenant, founded on the same instrument, for the same default of the defendant, can be carried on between the same parties at the same time, unless by their consent. By our practice a *scire facias* can issue, and may issue to-morrow, on the judgment of 1833; but that and the judgment of 1816 are on the same bond; and the plaintiff's breaches will be the eviction in both. The judgment may be for a different sum obtained at different times. After death or removal of those cognizant of the case, they may be with difficulty proved to be for the same matter; at all events, the plaintiff has the chance of two juries to assess his damages, instead of being concluded by one finding under our practice.

But our practice, as I have stated, was founded on a law of our own; we know it has been uniform and universal for a century. It has been often said, the practice of the court is the law of the court; to admit the practice of another country, founded on other laws, and modified by other rules, would introduce confusion and uncertainty, without any advantage which we see. By the established practice of England, no *scire facias* can issue on a judgment more than twenty years old, without motion to the court and rule to show cause on notice to the adverse party. If we take English practice, let us have it all; and then the plaintiff's *scire facias* would be set aside, with costs. It was decided in *Fries* v. *Watson*, above cited, that our practice was of so long standing, and so universal, and so founded on our Act of 1700, that this court ought not and could not alter it. That decision was made on consultation with lawyers who knew the practice for the preceding fifty years; and has been sanctioned up to this time. We see no reason for altering it if we could, and we see much

[Collingwood v. Carson.]

confusion and uncertainty would necessarily result from permitting every member of the bar to proceed in his own way in every case which occurs.

The argument took a wide range. Many objections not appearing on our record were taken to the plaintiff's proceeding. It would not be proper to go out of the principal point made, further than to say it may be well for the gentleman now concerned for the plaintiff (and who did not direct these proceedings originally), to consider of some of them, before he proceeds again in this case.

Judgment affirmed.