## Fursht *against* Overdeer.

A judgment may be revived against terre-tenants at any time within the period of five years, notwithstanding there may have been an intermediate revival by *scire facias* without notice to the terre-tenant.

If the parties to an action enter into an agreement that the cause shall be tried upon a certain plea, it is not in the power of the court afterwards to admit any other plea without the consent of both parties.

ERROR to the Common Pleas of *York* county.

Eli Overdeer against John Fursht, with notice to Conrad Fursht, terre-tenant. *Scire facias post annum et diem.*

On the 18th of February 1834, a judgment was entered in the Common Pleas of York county in favour of the plaintiff, against John Fursht, for $1500, conditioned for the payment of $736.14. John Fursht was at the time owner of certain real estate which became bound by the judgment, and which on the 1st of April 1837, he conveyed to Conrad Fursht. On the 21st of October 1837, the plaintiff issued a *scire facias*, returnable to November term, to revive the judgment, without notice to Conrad Fursht as terre-tenant, and obtained judgment. The present *scire facias* was duly served, and the defendant and terre-tenant appeared to make defence. Afterwards, Robert N. Lewis, who claimed the land in question under a deed from Conrad Fursht, dated the 20th of January 1839, a day or two before the *scire facias* issued, came into court and asked leave to defend, which was granted him. Lewis pleaded three special pleas, which the plaintiff moved the court to strike off, when the parties entered into this agreement :—

"It is agreed that this case shall be put at issue on the pleas alone of payment, and payment with leave to give the special matter in evidence, and the defendant and terre-tenant may give in evidence under those pleas any matters of defence legal or equitable, giving the plaintiff notice according to the rule of court."

After this agreement was entered into, the defendant asked the court to permit to plead "*nul tiel record*," which was refused.

The defence urged by the terre-tenant was, that the plaintiff lost his lien on the lands of the defendant by reviving his judgment against him alone, without notice to the purchaser.

DURKEE, President, instructed the jury that this defence was not available, and that their verdict should be for the plaintiff.

*Hambly*, for plaintiff in error, cited 7 *Watts* 84; 3 *Penn. Rep.* 229; 1 *Penn. Rep.* 72.

*Ramsey* and *Mayer, contra,* cited 2 *Rawle* 229; 1 *Penn. Rep.* 71; 7 *Watts* 12; 6 *Watts* 445; 3 *Rawle* 273.

The opinion of the Court was delivered by

SERGEANT, J.—Under the statutory enactments, and established practice of this State, the judgment on a *scire facias* issued to revive the lien of a former judgment, is for some purposes in the nature of a new judgment. The plaintiff recovers a judgment on the *scire facias* for principal and interest due; which judgment binds lands not bound by the first judgment, such as those purchased by the defendant in the interim. *Berryhill* v. *Wells,* (5 *Binn.* 56); *Clippinger* v. *Miller,* (1 *P. R.* 64). But it is not considered as operating to merge and extinguish the original judgment to all intents and purposes, so as to take away the rights of the plaintiff. The original judgment still has its operation and efficacy. The lands bound by the original judgment continue so bound, notwithstanding a further lien may be acquired by the new judgment. So, in the case before us, the judgment entered on the first *scire facias,* though obtained against the defendant only, without notice to Conrad Fursht, the alleged feoffee, did not so far extinguish the original lien for five years, as to take away the right of the plaintiff to revive it against Conrad Fursht or his alienee, by a new *scire facias* issued within five years from the time when the original judgment was entered. He had five years allowed by the Acts of 4th of April 1798, and of 26th of March 1827, from the date of the original judgment, to warn the alienee; and it would be going a great way to take this from him by the application of the doctrine of merger, which in fact has no application to the subject, because one judgment being only of equal degree to a prior judgment, does not, in a legal sense, extinguish it. Here the original judgment was entered on the 18th of February 1834, and this *scire facias* was issued on the 20th of January 1839, which was within time. The opinion of the court below was therefore correct.

There is no ground for the complaint that the court did not dispose of the plea of *nul tiel record,* since it appears that the parties afterwards agreed that the cause should be put at issue on the pleas alone of payment, and payment with leave to give the special matters in evidence; and that under them, the defendant might give in evidence any matters of defence legal or equitable, giving the plaintiff notice according to the rule of court. This agreement certainly dispensed with the plea of *nul tiel record,* and put the cause on the trial of its merits.

Nor do we think the court, after this agreement, ought to have allowed the plea of *nul tiel record* to be added. They could not,

without the consent of both parties, set aside the agreement, under which they had come to the trial of the cause.

It is, therefore, too late now to object that there was no such judgment as that recited by the *scire facias,* because the judgment by default was in the eye of the law, for the penal sum in the bond, viz: $1500, and the *scire facias* recites a judgment for $500. This is, at best, a mere clerical error, which the court would have had no difficulty in permitting the plaintiff to amend.

Judgment affirmed.