SAMUEL ZERNS, *terre-tenant*, *v.* JOHN C. WATSON, for the use of DAVID STITZER.

A *scire facias* to revive a judgment against a *terre-tenant*, cannot be maintained on a judgment on a *scire facias* against the original lien debtor alone, obtained after the title of the *terre-tenant* had accrued.

ERROR to the Common Pleas of Union.

*July* 26. This was a *scire facias* to revive a judgment against a *terre-tenant*, in which John C. Watson, for the use of David Stitzer, was plaintiff, and Samuel Zerns, the *terre-tenant*, was defendant. The facts were these :—

On the 9th September, 1842, one Henry Roush entered into articles of agreement with Zerns to sell to him a certain tract of land. On the 14th January, 1843, Watson obtained a judgment against Roush and David Stitzer, who was security of Roush, by confession, in the penal sum of $3,000, to indemnify Watson against certain encumbrances, not material to this case. On the 20th January, 1843, six days after the confession of the judgment to Watson, Roush conveyed the land, mentioned in the articles, to Zerns.

The condition of the judgment to indemnify Watson having been broken, he issued a *scire facias* thereon, alleging breaches, &c., to January Term, 1844, but without notice to Zerns, and in February following, Roush and Stitzer confessed judgment on this *scire facias* for $1,226.90. This judgment was paid out of the appropriation of the proceeds of the sale of the real estate of Stitzer, and satisfaction was entered by Watson. This judgment was afterwards marked by Watson's attorney to the use of Stitzer, and thereupon this *scire facias* was issued to April Term, 1846, and served upon Zerns alone. This *scire facias* recites the judgment confessed by Roush and Stitzer on the *scire facias* to January Term, 1844.

Under the direction of the court below, the jury found a verdict for the plaintiff.

*Wenrich* and *Casey*, for the plaintiff in error.—The decision in Collingwood *v.* Carson, 2 W. & S. 200, and in Custer *v.* Detterer, 3 Ib. 28, is modified by Fursht *v.* Overdeer, 3 W. & S. 470, where it was ruled that a judgment may be revived against *terre-tenant* at any time within the period of five years, notwithstanding there may have been an intermediate revival by *sci. fa.* without notice to *terre-tenant.* But in that case the *sci. fa.* against the *terre-tenant* was upon the original judgment, and not, as here, upon the judgment as revived. The *terre-tenant*, Zerns, was a total stranger to the judgment confessed by Roush and Stitzer on the *sci. fa.* against them ; it was no lien on his land; Lusk *v.* Davidson, 3 Pa. R. 229. The attempt here is to revive a lien, which never existed against Zerns.

*Slenker*, contrà.

The opinion of this court was delivered by

BELL, J.—Certainly the original judgment recovered by Wat-

son against Roush and Stitzer, bound the legal estate of the former in the land he had covenanted to convey to Zerns, to the extent of the unpaid purchase-money, for the payment of which the legal title was retained as security. The lien of the judgment might, therefore, have been revived against Zerns as *terre-tenant*, any time within five years from its rendition. But it was not so revived. On the contrary, the first *scire facias* was issued against the original defendants alone, without notice to the *terre-tenant*, and judgment was confessed thereon without his participation. It was clearly, therefore, no lien or encumbrance on the land in his hands, the same having been aliened before the *scire facias* was issued. So much was decided in Smyser *v.* Little, 10 Barr, 381. What then was the remedy of the plaintiff in the judgment in order to continue the lien of it against the land? Surely not to make the second judgment the foundation of his suit. It seems to have been ruled in Collingwood *v.* Carson, 2 W. & S. 220, and Custer *v.* Detterer, 3 Ib. 25, that a recovery in a *scire facias sur* judgment is with us, in itself a new substantive judgment, and a bar to further proceedings upon the original judgment. But these decisions were modified by the subsequent case of Fursht *v.* Overdeer, 3 W. & S. 470. It was there held, for reasons that need not be reported, that an original judgment may be revived by *scire facias* against *terre-tenants*, at any time within the period of five years, notwithstanding there may have been an intermediate revival by *scire facias*, without notice to the *terre-tenant*. The soundness of this determination was fully recognised, after much discussion and reflection, in the case already mentioned (Smyser *v.* Little). There, before a second *scire facias*, which was issued against the original defendant without notice to any one else, the land bound had been aliened to a stranger. The defendant confessed judgment. Afterwards, more than five years after the rendition of the original judgment, but within that period from the recovery of the judgment in the first *scire facias*, when the land still remained the property of the original debtor, the plaintiff issued a third *scire facias* against the original defendant and the *terre-tenant*, reciting the second judgment as the foundation of his suit. The *terre-tenant*, under the authority of the first cases I have cited, objected that each preceding judgment was merged by the immediately succeeding judgment recovered in the *scire facias* issued to renew it; that, consequently, the first and second judgments were rendered incompetent, as the foundation of process by the third, and as this had not been recovered against the *terre-tenant*, who was then the

owner of the land, the plaintiff was necessarily without remedy. We agreed with the defendant that the third judgment cannot be treated as a lien on the land in his hands, and, therefore, the plaintiff could not be allowed to sue out a useless *scire facias* upon it.

But, extending the doctrine of Fursht *v.* Overdeer, we hold the *e/* plaintiff was right in treating the judgment recovered in the first *scire facias* as a distinct, substantive lien against the land, recovered within five years immediately before the impetration of the last writ, which he was entitled to have revived to preserve his lien, notwithstanding the judgment in the second *scire facias*.

This determination was founded in the necessity presented by the case, and to prevent a failure of justice. Without it, the plaintiff must have lost his debt, for the time of the original judgment had expired, and the third had never *attached, since the land was aliened before its recovery.* The reason of that decision rules this case against the plaintiff. That case went as far in relief of the judgment-creditor as we can venture to go without imminent risk of marring the symmetry of our law, by obliterating everything like rule and order in cases of daily occurrence.

The idea which seems to have misled the court below was, that the original judgment bound only Roush's interest in the land to the extent of the unpaid purchase-money; and the judgment now sought to be recovered against the *terre-tenant* can bind nothing more.

This view would be well enough were the present *scire facias* founded on the original judgment. But the learned judge seems to have forgotten, that, before the rendition of the second judgment, which is the foundation of the now pending writ, Roush had parted with all his interest in the land, legal and equitable, and that the now sole defendant was no party to the second judgment. It cannot, therefore, be said to encumber Roush's interest, for then he had none; it cannot bind Zerns's, for he was no party to it.

In every point of view, the proceeding is erroneous, so far as Zerns is concerned. If the error involves a loss of the plaintiff's debt, it may be regretted, but cannot be helped.

*Vigilantibus et non dormientibus jura subveniunt.*

If the plaintiff thinks he can better it on another trial, he may have a new *venire*.

     Judgment reversed, and a *venire de novo* awarded.