# Jones v. Commonwealth Casualty Company, Appellant.

*Beneficial societies—Benefit for violent death—Death—Proximate cause—Case for jury—Evidence—Application for membership—Subsequent increase of hazard—Act of May 11, 1881, P. L. 20—Novation—Essentials of—Burden of proof.*

1. In an action under a membership certificate in a beneficial society providing for a certain payment to the beneficiary in case of death of the member through external, violent and accidental means, the question whether decedent's death resulted from an accident was for the jury where it appeared that decedent was a mine superintendent; that while attempting to make repairs to a car attachment in the mine he accidentally slipped and injured his side, and two days thereafter was again injured on the same side by a second fall; that immediately following the accident he complained of pain and was unable to take food; that the pain continued and two physicians called suspected a growth obstruction in the bowels; that thereafter an operation was performed and a fibrous band was found attached to the peritoneum at one end and the descending colon at the other; that the band was severed and an incision made on the right side; that there was no evidence of peritonitis at the time, but that such disease developed within 24 hours and the patient died therefrom the following day, and a post mortem examination showed that the inflammation was localized on the left side at the point where plaintiff sustained his injuries, and the fact that the operation was necessary and was skillfully performed was not questioned.

2. Where there is evidence that peritonitis might have existed in a latent form as a result of the injury, and became active as a result of the operation, the jury may find that the injury was the proximate cause of the death, even if the peritonitis was directly due to the operation, where the operation was made necessary by the injury and was skillfully performed.

3. In such case where defendant insurance company had assumed the obligations of a beneficial society after decedent had become a

member, defendant stood in the same position as the original beneficial society, succeeded to its rights and privileges under the contract, and became liable only to the same extent as the society would have been liable.

4. In such case where defendant contended that deceased subsequent to date of the certificate changed his occupation so as to increase the risk and was thereby taken out of the "preferred list" class and therefore not entitled to hold membership or receive benefits as such, the court erred in excluding evidence of the application for membership and the by-laws of the beneficial society, in support of such contention, on the ground that the application and by-laws were not attached to the certificate as required by the Act of May 11, 1881, P. L. 20. Such act applies to accident insurance companies but not to beneficial societies.

5. The mere form of the organization is not conclusive if the organization in fact is carrying on an insurance business rather than that of a benevolent association.

6. Where when defendant took over the contract it did not issue a new policy but merely assumed "all the covenants and agreements of the" order under the certificate issued by it, subject to the "stipulations and conditions therein contained to be performed by said member," a novation was not effected, the contract remained as before and the transaction was in the nature of a guarantee by a third party that the contract as made would be carried out.

7. The essentials of a novation are the displacement and extinguishment of a former contract, the substitution of a new agreement, a sufficient consideration therefor, and consent of the parties thereto.

8. The burden is upon one who alleges a novation to establish it by proper proof, and, in the absence of an agreement that the original obligation be extinguished and a new one substituted, and the original debtor relieved, the mere acceptance of the obligation of a third person will be considered as additional security.

Argued October 19, 1916. Appeal, No. 161, Oct. T., 1916, by defendant, from judgment of C. P. Allegheny Co., July T., 1915, No. 357, on verdict for plaintiff in case of Mary A. Jones v. Commonwealth Casualty Company. Before BROWN, C. J., MESTREZAT, MOSCHZISKER, FRAZER and WALLING, JJ. Reversed.

Assumpsit on beneficial society certificate to recover for violent death of plaintiff's husband. Before DAVIS, J.

The facts appear by the opinion of the Supreme Court. Verdict for plaintiff for $5,393.33 and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were (1) in refusing defendant's motion for judgment non obstante veredicto and (2) the ruling on evidence referred to in the opinion of the Supreme Court.

*W. K. Jennings* and *C. William Freed,* with them *H. G. Wasson* and *D. C. Jennings,* for appellant.—The court erred in excluding the by-laws of the Fraternities Accident Order: Summa v. Prince Amadrus, Etc., Society, 8 Lack. Jur. 272; Beeman v. Supreme Lodge, Shield of Honor, 29 Pa. Superior Ct. 387; Lithgow v. Supreme Tent of Knights of Maccabees of the World, 165 Pa. 292; Dickinson v. Ancient Order United Workmen, 159 Pa. 258; Neff v. Pennsylvania Daughters of Liberty, 62 Pa. Superior Ct. 251; Myers v. Fritchman, et al., 6 Pa. Superior Ct. 580.

The evidence was insufficient as to the cause of death of plaintiff's husband.

*Stephen Stone,* of *Stone & Stone,* for appellee.—Where insured, a well and strong man, becomes sick immediately after an accident and never recovers from the sickness or wound, it is for the jury to say whether his death was the result of the accident: Cheswell v. Fraternal Accident Asso. of Amer., 199 Mass. 267 (85 N. E. Repr. 96); Ludwig v. Preferred Accident Insurance Co. of New York, 113 Minn. 510 (130 N. W. Repr. 5).

The law and facts must be strongly construed against the beneficial society: Weisberger v. Western Reserve Insurance Co. of Cleveland, Ohio, 250 Pa. 155; Krebs v. Philadelphia Life Ins. Co., 249 Pa. 330; Hughes v. Central Accident Ins. Co., 222 Pa. 462.

The by-laws of the Fraternities Accident Order were properly excluded: Act of May 11, 1881, P. L. 20, Sec-

tion 1; Zimmer. v. Central Acc. Ins. Co., 207 Pa. 472;
Pickett v. Pacific Mutual Life Ins. Co., 144 Pa. 79;
Haverstick v. Penn Twp. Mut. Fire. Assn., 156 Pa., 333;
Marcus v. Heralds of Liberty, 241 Pa. 429.

OPINION BY MR. JUSTICE FRAZER, January 8, 1917:

Plaintiff sued to recover the amount due under a membership certificate in a beneficial society which provided for payment to the beneficiary of a sum of money in case of death of the member through external, violent and accidental means. At the trial defendant offered in evidence the application for membership and the by-laws of the society. These, however, were excluded for the reason they were not attached to the certificate of membership. The question whether the death of the deceased was the result of an injury received by him about a month previous thereto was submitted to the jury and a verdict rendered in favor of plaintiff. Defendant appeals, the questions raised being whether there was sufficient evidence to show death was due to the injury complained of to warrant submission of the case to the jury and whether the court erred in excluding deceased's application for membership and also the by-laws of the society.

On December 14, 1914, David G. Jones, the deceased, was employed as general superintendent of the coal mines of the Pittsburgh-Buffalo Company, one of which is known as the Hazel mine, situated in the Borough of Canonsburg, and while attempting to make repairs to a car attachment in that mine, accidentally slipped and injured his left side. Two days later he was again injured on the same side by a second fall. Immediately following the accident he complained of pain and was unable to take food. The pain continued, and, in the evening of the following day, the family physician was called, who prescribed for him, and, not being able to secure relief to the patient from pain, called another physician for consultation. The two physicians suspected

a growth obstruction in the bowels, but were, however, unable to definitely diagnose the trouble. Jones remained under the care of his family physician for three weeks following the accident and was then removed to the hospital for further examination and treatment. Owing to their inability to determine the exact cause of the trouble, the physicians decided upon an exploratory operation which was performed January 14, 1915, and a thorough examination made without discovering the existence of abnormal conditions at the time except a small fibrous band attached to the peritoneum at one end and the descending colon at the other. This band was severed and an incision made on the right side and the appendix which was found to be in a chronic condition removed. No evidence of peritonitis was discovered at the time; that disease however developed twenty-four hours later, and the patient died therefrom the following day. A post mortem examination showed the inflammation to be localized on the left side at the point where the fibrous band was discovered, which was also the point where deceased was injured when he sustained the fall above referred to.

Defendant contends the evidence, showing that peritonitis was the result of the injury complained of, was insufficient to be submitted to the jury. There is no dispute, however, that an accident occurred and injury followed. The evidence is that before the injury deceased was in good health and without trace of the complaint from which he suffered immediately thereafter. There is also ample evidence to show the necessity for the operation was the direct result of his injury, and it is not disputed that when the operation was performed a fibrous band was discovered, which, according to the testimony of experts, could have resulted from a blow such as was received by deceased when he fell, and that the band was cut because of its tendency to obstruct the bowels. While it is true no evidence of peritonitis was found at the time the operation was performed, there is

evidence that it might have existed in a latent form as a result of the injury and become active later as a result of the operation. Consequently, even if we assume the peritonitis was directly due to the operation, the operation was made necessary by the injury, and defendant cannot escape liability so long as the operation was skillfully performed, as to which no question is raised. The injury in such case is the proximate cause of the resulting death. On the whole, the question could not have been withdrawn from the jury.

The other question involved is the correctness of the ruling of the trial judge in excluding a copy of deceased's application for membership in the order and the by-laws of the society. Deceased held a certificate of membership in the Fraternities Accident Order, a beneficial corporation organized under the laws of this State. The certificate was issued in 1898, subject to the "condition that the statements and representations made by him in the application for membership......are true, and that said application and the laws of the order as now in force, or as hereafter enacted by the grand council, be made a part of this contract"; deceased was constituted a fifth rate member and the order promised "to pay out of its benefit fund to Mary A. Jones, wife, a sum not exceeding $5,000 in accordance with and under the provisions of the laws governing said order and fund upon satisfactory evidence of the death of said member through external, violent and accidental means." In 1906 the defendant, a corporation organized under the laws of Pennsylvania as a corporation of the second class, took over the obligations of the Fraternities Accident Order, including the policy or certificate of deceased, by attaching to the certificate the following memorandum: "For value received the Commonwealth Casualty Company hereby agrees to assume all the covenants and agreements of the Fraternities Accident Order contained in the certificate of membership of the Fraternities Accident Order to which this agreement is at-

tached issued to the above named member under and subject to the stipulations and conditions therein contained to be performed by said member."

Defendant alleges that deceased, subsequent to the date of the certificate changed his occupation so as to increase the risk and thereby was taken out of the "preferred list" class and was not entitled to hold membership or receive benefits as such, and, in support of this contention, offered in evidence the application for membership and by-laws of the order. This evidence was objected to and excluded for the reason above stated that the application and by-laws were not attached to the certificate, as required by the Act of May 11, 1881, P. L. 20. Had this action been founded on a policy of insurance issued by defendant there can be no doubt but that the provisions of the act would be applicable, as its provisions have been held to apply to accident insurance companies: Pickett v. Pacific Mutual Life Ins. Co., 144 Pa. 79. The act does not, however, apply to beneficial societies and the application and by-laws of an association of this class may be received in evidence though not attached to the certificate of membership: Dickinson v. Ancient Order United Workmen, 159 Pa. 258; Marcus v. Heralds of Liberty, 241 Pa. 429; Lithgow v. Supreme Tent of Knights of Maccabees of the World, 165 Pa. 292. Although, as was decided in Marcus v. Heralds of Liberty, supra, the mere form of the organization is not conclusive, if it is in fact carrying on an insurance business rather than that of a benevolent association, there is no contention here that the certificate as issued by the Fraternities Accident Order, was a policy of insurance within the meaning of the act. Only by virtue of the taking over of the contract by the Commonwealth Casualty Company, the defendant, is the argument made that the policy is brought within the Act of 1881.

When defendant took over the contract it did not issue a new policy, it merely assumed "all the covenants and agreements of the Fraternities Accident Order" under

the certificate issued by the society, subject to the "stipulations and conditions therein contained to be performed by said member." This did not effect a novation; the original contract remained as before, the proceeding being more in the nature of a transaction of a third person guaranteeing the carrying out of a contract as made. There was no agreement to release the Fraternities Accident Order from liability; neither was a new contract created. The essentials of a novation are the displacement and extinction of a former contract, the substitution of a new agreement, a sufficient consideration therefor and consent of the parties thereto: Wright v. Hanna, 210 Pa. 349; Curtin v. Peoples Nat. Gas Co., 233 Pa. 397. The burden is upon one who alleges a novation to establish it by proper proof; and, in absence of an agreement that the original obligation should be extinguished, and a new one substituted, and the original debtor relieved, the mere acceptance of the obligation of a third person will be considered as additional security: McCartney v. Kipp, 171 Pa. 644. The transaction in the present case was merely an undertaking by defendant to assume the obligations of the beneficial society under its certificate for a consideration moving between themselves. So far as the member was concerned, the original undertaking remained in force and no new agreement was substituted, nor is there evidence of an agreement on the part of the member to release the society from its obligation. The certificate remained the obligation of the beneficial society and defendant merely undertook to carry out its terms. The certificate or policy not being within the Act of 1881, when originally issued, did not come within its provisions by the undertaking on the part of defendant to carry out its terms. Defendant stood in the same position as the beneficial society, succeeded to its rights and privileges under the contract, and became liable only to the same extent as the society was liable. Deceased's application for membership and the by-laws of the society should have been received therefore for the

purpose of accurately determining the extent of defendant's liability. As these documents are not included in the record before us, the case must be sent back for retrial.

The second assignment of error is sustained, the judgment reversed and a new trial granted.