Le Bar et al., to use, Appellant, *v.* Patterson.

Argued March 4, 1936.

Before KELLER, P. J., CUN-

NINGHAM, BALDRIGE, PARKER, JAMES and RHODES, JJ.

*Forrest J. Mervine,* with him *Karl A. Wagner,* for appellant.

*Arlington W. Williams,* with him *Wilton A. Erdman,* for appellee.

OPINION BY JAMES, J., September 30, 1936:

This is an appeal from a judgment entered in favor of the defendant upon a case stated, the facts of which may be summarized as follows: On November 22, 1920, Florence Smith Patterson, appellee, purchased a lot of land in the borough of Stroudsburg, from Frank LeBar and W. W. L'Hommedieu. As part of the purchase price, she executed, in favor of the grantors, a judgment note in the sum of $1,500, which was entered in the Court of Common Pleas of Monroe County on November 29, 1920, to No. 143 September Term, 1920—which judgment was a first lien on the land. On January 11, 1921, the defendant together with her husband executed a mortgage upon the same premises in favor of David S. Gregory in the sum of $3,000, which mortgage was recorded on January 20, 1921. The judgment to No. 143 September Term, 1920 was assigned by Le-Bar and L'Hommedieu to Maggie B. Heller on November 30, 1920, and assigned by her to Lila M. Storm, appellant, on December 6, 1922. On March 31, 1923,

the appellee conveyed the land purchased to Augustus Delvalle and Mae F. Delvalle, his wife, which deed contained the following recital: "Under and subject to the payment by the parties of the second part their heirs and assigns, of the following encumbrances on the above-described property, to wit:" and then recited the judgment and mortgage heretofore mentioned.

On November 13, 1928, the judgment to No. 143 September Term, 1920 was revived by amicable scire facias, signed by A. Delvalle and Mae F. Delvalle to No. 218 September Term, 1928; and the caption of the agreement lists the judgment against Florence Smith Patterson, defendant, Augustus Delvalle and May F. Delvalle, his wife, alienee and terre-tenants. The amicable sci. fa. provides as follows: "It is hereby agreed, that an amicable action of Scire Facias, as above stated, be entered upon the records of said Court, by the Prothonotary thereof, as of September Term, 1928, between the above named Lila M. Storm as plaintiff, and the above named Florence Smith Patterson as defendant, and the above named Augustus Delvalle and May F. Delvalle, his wife, as terre-tenants, with the same effect in all things as if a Writ of Scire Facias had duly issued out of said Court upon the above stated judgment, returnable at the said September Term, 1928, and had been duly served and returned. And it is further agreed that judgment be forthwith rendered and entered in said action in favor of said plaintiff against said defendant, and against said Augustus Delvalle and May F. Delvalle, his wife, for the sum of Fifteen Hundred Dollars ($1500), with interest from October 1, 1928, in respect to the lands bound by said judgment and of lands of the said Augustus Delvalle and May F. Delvalle, they having assumed the payment of said judgment, and that said judgment be revived and renewed and the lien of the same extended and continued according to the Act of Assembly ......" As a result of the failure to re-

vive the original judgment within five years, the mort-gage of $3,000 became a first lien on the land.

At the time of the revival to No. 218 September Term, 1928, the only land owned by the Delvalles was the land conveyed to them on March 31, 1923, by Florence Smith Patterson. On August 2, 1933, Lila M. Storm, the use plaintiff, issued a sci. fa. to No. 56 September Term 1933, to revive the judgment to No. 143 September Term 1920, to which an affidavit of defense was filed by ap-pellee, who contended that on the facts a novation occurred which in effect extinguished the original judg-ment. Prior to the issuance of this writ, no demand had ever been made by Lila M. Storm upon the appellee for the payment of principal and interest of the judg-ment. On November 13, 1933, the judgment to No. 218 September Term 1928, was revived by an amicable sci. fa. captioned against Augustus Delvalle and May F. Delvalle, his wife, and executed by them, and is as follows: "It is hereby agreed, that an amicable action of Scire Facias, as above stated, be entered upon the records of said Court by the Prothonotary thereof, as of September Term, 1933, between the above named Lila M. Storm as plaintiff, and the above named Augus-tus Delvalle and May F. Delvalle, his wife, as defend-ants, and the above named ...... as terre-tenant with the same effect in all things as if a writ of Scire Facias had duly issued out of said Court upon the above stated judgment, returnable at the said September Term, 1933, and had been duly served and returned. And it is further agreed that judgment be forthwith rendered and entered in said action in favor of said plaintiff against said defendant, and against said Au-gustus Delvalle and May F. Delvalle, his wife ......"

Appellee contended, in the court below, that the judg-ment could not be revived against her for the following reasons: (1) That the amicable revivals of the original judgment against the alienees and terre-tenants alone

are a bar to revival now against the defendant, Florence Smith Patterson; and, (2) that there was a novation and that therefore this defendant was released and consequently there can be no revival of this judgment now against the defendant, Florence Smith Patterson. The court below overruled the first reason, but held that the facts established a novation and entered judgment in favor of the defendant.

The general rule is that one purchasing under and subject to the lien of a mortgage given by his vendor is a purchaser as between himself and his vendor of the entire estate, and is liable to pay the mortgage as part of the purchase money due from him. Thereafter the relation of his vendor to the mortgage is not that of primary debtor, but of surety, the vendee becoming primarily liable therefor. The holder of the mortgage is not bound by an arrangement to which he is not a party, and he may therefore pursue the mortgagor if he chooses; but in that event the mortgagor is entitled to subrogation or he may proceed on the covenant of indemnity which the "under and subject to the payment of" clause implies: *Blood, Exr., v. Crew Levick Co.,* 171 Pa. 328, 33 A. 344; *May's Est.,* 218 Pa. 64, 67 A. 120. "The rights of the mortgagee remain unchanged and his relation to the mortgagor is not affected by the mere circumstance of an agreement to pay the mortgaged debt, so that, as against him, the mortgagor is in no position to assert and take advantage of the surety. The mortgagee may agree to accept this relationship, but the agreement must be such as would amount to a novation and indicate a clear intention to look solely to the grantee for the payment of the mortgaged debt, holding the mortgagor as surety": *Willock's Est.,* 58 Pa. Superior Ct. 159, 163. This rule applies with equal force as between judgment creditor and judgment debtor.

In every novation there are four essential requisites:

(1) a previous valid obligation, (2) the agreement of all the parties to the new contract, (3) the extinguishment of the old contract, (4) the validity of the new one. This enumeration is frequently stated in the cases. If these essentials, or any of them, is wanting, there can be no novation: 46 C. J. 578. The essentials of novation are the displacement and extinction of the prior contract, the substitution of a new contract, a sufficient consideration therefor, and the consent of the parties thereto: *Wright v. Hanna,* 210 Pa. 349, 353, 59 A. 1097. "The essential elements of a novation are clearly stated in *Wright v. Hanna,* 210 Pa. 349: 'The displacement and extinction of the prior contract, the substitution of a new contract, a sufficient consideration therefor, and the consent of the parties thereto.' See also: *Curtin v. Gas Co.,* 233 Pa. 397; *Jones v. Casualty Co.,* 255 Pa. 566; *Parish Mfg. Corp. v. Martin-Parry Corp.,* 285 Pa. 131; *Bank v. Lipschitz,* 296 Pa. 291. The assent to a change in parties may be shown by circumstances showing such assent: *Parish Mfg. Corp. v. Martin-Parry Corp.,* supra": *Taylor v. Stanley Co. of America,* 305 Pa. 546, 551, 158 A. 157. The burden is upon one who alleges a novation to establish it by proper proof; and, in absence of an agreement that the original obligation should be extinguished, and a new one substituted, and the original debtor relieved, the mere acceptance of the obligation·of a third person will be considered as additional security: *Jones v. Casualty Co.,* 255 Pa. 566, 100 A. 450. Where a creditor accepts the note of a third person in payment of his debt, a novation takes place, but the mere acceptance of such note, however, does not constitute a novation without some evidence that it was taken in satisfaction of the debt. The burden of proof is upon the party asserting the novation: *Hunter v. Moul,* 98 Pa. 13; *Lauer v. Yetzer,* 3 Pa. Superior Ct. 461.

As we view this record, we are unable to find that

appellee has met the burden of proof in establishing a novation. An examination of both amicable scire faciases indicates that the judgment against the original defendant was to be continued. The failure to have the original defendant execute the several amicable sci. fas. may have relieved the lands of the appellee from the lien of the judgment as affecting other lien holders, but cannot be regarded as an extinguishment of the original obligation. The court below said: "These were agreements [referring to the amicable scire faciases] between the plaintiff in this judgment and the Delvalles to which Florence Smith Patterson was in no way a party. But clearly the last revival shows the intention by agreement that the plaintiff accept as defendants in the judgment Augustus Delvalle and Mae F. Delvalle. There was no necessity of inserting this provision in the amicable sci. fa. unless it were for the very purpose it states—to make the Delvalles the defendants. Had it been the intention to treat them merely as terre-tenants, the mere mention of them as such would have continued the lien of this judgment against the premises. And the fact that their names were not inserted in the place immediately preceding the blank space for terre-tenants is to the mind of the Court a confirmation of this intention." In so holding, the court overlooked the fact that in both amicable scire faciases the judgment to be rendered was in the same language, to wit, "And it is further agreed that judgment be forthwith rendered and entered in said action in favor of said plaintiff against said defendant, and against said Augustus Delvalle and May F. Delvalle, his wife . . . . . ." The form in which the second amicable sci. fa. is executed is to our minds fully explained by the fact that at the time of its execution, appellant had issued a scire facias as against the original defendant, an affidavit of defense had been filed and the proceeding was then pending. The only other

course open to appellant was an adverse scire facias. However its execution in the form as filed did not indicate an agreement to extinguish the original liability of the appellee. In pursuing the terre-tenants and obtaining a personal judgment against them, the position of the original defendant was improved but cannot be regarded as a substitution of the revived judgment for the original judgment. In the absence of a special agreement, it can be considered merely as additional security.

Appellee further contends that the revival of the judgment entered to No. 143 September Term, 1920, against Augustus Delvalle and May F. Delvalle, his wife, to No. 74 September Term, 1928, and the revival of the latter judgment by amicable sci. fa. against Augustus Delvalle and May F. Delvalle, his wife, to No. 248 September Term, 1933, are a bar to a recovery upon a writ of scire facias issued on the original judgment. In support of this contention, appellee cites *Collingwood v. Carson,* 2 W. & S. 220, where it was decided that a recovery on a scire facias to revive a judgment and a judgment thereon for plaintiff, is a bar to another scire facias on the original judgment; which ruling was later approved in *Custer v. Detterer,* 3 W. & S. 28. An examination of these cases discloses that judgment was entered upon the scire facias as against the defendant in the judgment and that another scire facias was issued on the original judgment against the defendant. The effect of these two decisions is that where a judgment is obtained on a scire facias against a defendant, the second judgment concludes any further action upon the original judgment to bind the one against whom judgment was obtained upon the revival. It will be noted that upon the amicable scire faciases in the present case, judgments were entered only as against the terre-tenants and not against the defendant in the original judgment.

In the cases of *Fursht v. Overdeer,* 3 W. & S. 470 and *Little v. Smyser,* 10 Pa. 381, it was held that an original judgment may be revived by scire facias against terre-tenants at any time within the period of five years from its entry notwithstanding there may have been an intermediate revival against the original defendant by scire facias without notice to the tenant. We see no distinction in principle between the issuance of a writ of scire facias upon the original judgment where it has been revived only as against a terre-tenant and the issuance of a writ of scire facias against terre-tenants where the original judgment has been revived against the defendant. That the lien of the original judgment had expired when first it was amicably revived, did not affect appellant's right to proceed against the appellee upon her original obligation. No proceeding either amicable or adverse having been instituted against the defendant upon the original judgment, it still was available for the plaintiff in the judgment to proceed by scire facias against the original defendant. *Little v. Smyser,* supra, was approved in *Zerns v. Watson,* 11 Pa. 260, and is still the law of this State as recently upheld in *First National Bank & Trust Co. v. Miller,* 322 Pa. 473, 186 A. 87.

For the reason that a novation had not been established, the judgment of the court below is reversed and the record remitted with directions to enter judgment in favor of the appellant.