Kritz *v.* Axler, Appellant.

Argued October 11, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Maurice A. Granatoor,* for appellant.

*Herman Eisenberg,* with him *Irving W. Backman,* for appellee.

OPINION BY PARKER, J., January 31, 1939:

Rudolph Kritz brought this action in assumpsit to recover from Charles Axler the balance due on a written contract dated October 11, 1932, for the sale of certain store fixtures. The sale price fixed by the agreement was $500, of which $100 had been paid when the suit was begun. The case was tried by a judge without a jury and judgment was entered for the balance due on the contract with interest. The defendant contends that his motion for judgment should have been granted by the trial court and that judgment should now be entered in his favor. Under such circumstances, the evidence must be viewed in a light most favorable to plaintiff and he is entitled to the benefit of all reasonable inferences that may be drawn from such evidence.

The defendant in his affidavit of defense denied that he had purchased or received the fixtures from plaintiff and at the same time alleged that the agreement was rendered null and void by a later agreement between the plaintiff and Samuel Axler, a son of the defendant,

dated January 11, 1933. Although defendant at trial persisted in his contention that he had not purchased or received the chattels from plaintiff, it was most evident from his own testimony that he had and the trial judge in effect so found. That defense seriously affected the credibility of the defendant's testimony.

The sole question raised on this appeal is whether we may, under the evidence, say as a matter of law that the obligation of Charles Axler to pay Rudolph Kritz the balance of $400 due by the contract of October 11, 1932, was discharged by the subsequent contract of January 11, 1933, between the plaintiff and Samuel Axler.

It was shown beyond question that on the execution of the contract of October, 1932, plaintiff delivered to the defendant the fixtures that were the subject matter of that contract and that there then remained nothing to be done in execution of the contract except that the purchaser was to pay the seller a balance of $450. There was also evidence to the effect that defendant came to plaintiff in January, 1933, and said: "I am in bad shape, I have bad luck; everybody is after me for money, they are going to sell me out; transfer this agreement over to my son." Defendant then presented to plaintiff a written contract for the sale of the same chattels between plaintiff and Samuel Axler, a son of defendant then 20 or 21 years of age, in which Samuel Axler agreed to pay to plaintiff the balance of $400, $50 additional having been paid in the meantime by Charles Axler. In fact, no part of the consideration was paid by Samuel Axler. There was not any testimony that Charles Axler was to be released from his obligation. Although Charles Axler testified about the execution of the second agreement, he did not say or contend that there was any promise made to him that he should be discharged from all liability under the contract that he had made.

The appellant contends that the contract between

plaintiff and Samuel Axler constituted a novation and that for such reason Charles Axler was discharged of liability. If there was a novation, it follows from the definition of that term that the appellant was discharged from liability. In every novation there are four requisites: (a) generally speaking, a previous valid obligation; (b) the agreement of all parties to the new contract; (c) the extinguishment of the old contract; and (d) the validity of the new one; and the burden of proving a novation is on the one alleging it. Williston on Contracts, §1869; *New Eureka Amusement Co. v. Rosinsky,* 126 Pa. Superior Ct. 444, 450, 191 A. 412; *Le Bar v. Patterson,* 123 Pa. Superior Ct. 491, 496, 187 A. 278; *Wright v. Hanna,* 210 Pa. 349, 353, 59 A. 1097. We are all of the opinion that it was for the trial judge sitting as a jury to determine under all the evidence whether the old contract was extinguished, and he has held that it was not. It was proper for him to take into account not only the new contract but all the other circumstances, including the relationship between Charles Axler and Samuel Axler. It will be observed that the plaintiff, the seller, had fully executed his part of the agreement of October, 1932, and delivered the chattels to the purchaser. The contract for the sale was not a conditional one and full title to the chattels had passed to the buyer, the only thing remaining to be done being that the buyer was to pay the balance of the consideration of $400. The writing of October, 1932, was not lifted and there was no formal cancellation of it.

As Mr. Williston points out in discussing a comparable situation (§1875), an agreement to discharge an original obligor should not be assumed without clear evidence, for often the creditor, while perfectly willing to accept payment from a new party, is not ready to accept his obligation in satisfaction of his claim against the original party. The same author, in discussing an accord as a discharge, points out (§1847) : "It is often

124

extremely difficult to determine as matter of fact whether the parties agreed that the new promise should be itself the satisfaction of the original cause of action, or whether they contemplated the performance of the accord as the satisfaction. Unless there is clear evidence that the former was intended, the latter kind of agreement must be presumed, for it is not a probable inference that a creditor intends merely an exchange of his present cause of action for another. It is generally more reasonable to suppose that he bound himself to surrender his old rights only when the new contract of accord was performed." Under the circumstances present in this case, the same principles apply to a claim of a novation.

Whether there was here a discharge was to be determined not alone by the fact that there was a new writing but from all the circumstances, and as these circumstances depended in part upon oral testimony and upon inferences to be drawn therefrom, it was consequently for the fact finding authority to determine the effect. To decide otherwise would assume the very thing that the appellant had the burden of proving, to wit, that the new agreement was an extinguishment of the agreement of October, 1932.

The new arrangement was evidently made for the purpose of accommodating Charles Axler and concerned him and his son. Charles Axler did not see proper to explain just how or by what means the title which he had to the chattels would pass to the son, although we may assume that he expected the son would make the future payments. The proposed change was therefore, as far as the evidence discloses, for the promotion of some interest of the defendant. Certainly a situation was not presented which would force an inference that the plaintiff would be willing to accept the obligation of the boy, perhaps a minor, and at the same time discharge the father. We are of the opinion that there was

no evidence of a discharge, either by novation or otherwise.

Judgment affirmed.