## Commonwealth v. Albert J. Narducci, Inc. No. 1

*David R. Perry,* Deputy Attorney General, and *Claude T. Reno,* Attorney General, for Commonwealth.

*Paul A. Kunkel* and *H. Goldbacher,* for defendant.

Fox, J., April 14, 1941.—We have before us a motion for judgment for want of a sufficient affidavit of defense.

Paragraphs 1, 2, and 3 of plaintiff's statement are admitted by the affidavit of defense, the substance of which is that defendant on or about January 1, 1936, and subsequent thereto was an employer of labor in Delaware County and was subject to the Pennsylvania Unemployment Compensation Law of December 5, 1936, P. L. (1937) 2897.

In the fourth paragraph of the statement of claim is set forth a statement of the wages which have been paid by defendant and upon which wages it became liable for contribution in the amount of $1,247.34, and in paragraph 5 it is averred that the said amount has not been paid and that the Commonwealth is entitled to interest thereon to the amount of $391.35, making a total claim of $1,638.69.

The affidavit of defense does not dispute the correctness of the figures but avers that an agreement had been entered into between it and Stewart Bros. Company, the

general contractor, that the latter would deduct the amount of this claim, with others, from the weekly payroll of defendant and said sums were to be set aside and paid by the said general contractors to the Commonwealth; that this agreement was made known to the Commonwealth and that "this procedure was agreed to and allowed by the within plaintiff and continued over a period of several months."

The Act of 1936, supra, is silent as to the rights or privilege of the Commonwealth to enter into such an agreement.

The averment that the Commonwealth agreed to and allowed the procedure as above set forth must be taken as true, and for the purpose of this motion the Commonwealth is bound thereby.

The general doctrine is that a creditor may accept a novation and that a creditor may accept the promise of a third party to pay the obligation of the debtor. The creditor is not bound to accept the novation; he may refuse it or he may accept it and discharge the original debtor or he may hold him still liable as surety.

In the case of Le Bar et al., to use, v. Patterson, 123 Pa. Superior Ct. 491, 492, it is said:

"The judgment creditor may agree to accept the vendor, his judgment debtor, as a surety, but such agreement must be such as amounts to a novation and must indicate a clear intention to look solely to the vendee for the payment of the judgment and to hold the original judgment debtor only as a surety."

Wherefore, we are of the opinion that since there is a question of fact raised by the averment in the affidavit of defense to the effect that the Commonwealth, the plaintiff, agreed to and allowed the procedure as therein outlined, judgment cannot be rendered on the pleadings on a question of law.

And now, April 14, 1941, upon due consideration, the motion for judgment is overruled.