**Federal Land Bank of Baltimore v. Steding**

*John A. Rodgers,* for plaintiff.
*Thomas J. Gravina,* for defendant.
*Arthur M. Wilson,* for additional defendant.

GLADDEN, *P.J.,* April 4, 1984—This is an action in mortgage foreclosure commenced by the Federal Land Bank of Baltimore against Kurt Steding, executor of the estate of Richard M. Phillips (original defendant). Original defendant has joined as additional defendants Scott David Taneyhill and Dale Edward Taneyhill, administrators of the Marion Joan Phillips estate (additional defendants). This matter was heard by us in a nonjury trial on February 13, 1984. The only evidence presented was the testimony of James W. McGuier, associate manager, operations of plaintiff.

Richard J. Phillips, deceased husband of Marion J. Phillips, was a party to two mortgages and accompanying notes payable to plaintiff. One mortgage, dated August 15, 1979, in the original principal amount of $80,000 was secured by a lien on land containing 12.196 acres and a house in Cecil Township, Washington County, Pa. This tract was owned by Richard M. Phillips and Marion J. Phillips. The

mortgage is of record in the Recorder of Deeds Office of Washington County, Pa., in Mortgage Book 1129, page 9. The other mortgage, dated September 9, 1980, in the original principal amount of $93,000, was secured by a lien on two tracts of land containing a total of 116.60 acres, a house, and farm buildings in West Bethlehem Township, Washington County, Pa. These tracts were owned by Richard M. Phillips. The mortgage is of record in the Recorder of Deeds Office of Washington County, Pa., in Mortgage Book 1175, page 460.

The instant proceeding is based on the mortgage foreclosure action brought on the West Bethlehem Township mortgage. Mr. McGuier's testimony established that the total amount due and owing to plaintiff as of February 13, 1984, is $120,700.47, as a result of defendant's failure since July, 1982 to make the required monthly payments of principal and interest and plaintiff's need to advance funds for the payment of fire insurance premium and 1981 real estate taxes that had been liened in the Washington County Tax Claim Bureau. Mr. McGuier further testified that interest will continue to accrue on the amount due on February 13, 1984, at a rate of 11½ percent per annum.

On January 3, 1982, Richard M. and Marion J. Phillips died under circumstances indicating that Richard M. Phillips caused the death of Marion J. Phillips and then took his own life. Thereafter both mortgages became delinquent and plaintiff instituted separate foreclosure proceedings on each.

A buyer was found for the Cecil Township property. The original and additional defendants purported to satisfy a civil action for wrongful death and a Slayer's Act petition which had been instituted by additional defendants against original defendant by conveying the West Bethlehem Township property

owned solely by original defendant to additional defendants.

The West Bethlehem Township mortgage contained a "due on sale" clause which provided that absent plaintiff mortgagee's consent to a transfer of title, the entire principal sum would become immediately due and owing.

On April 28, 1983, in a proceeding in orphans' court, before the Honorable Thomas J. Terputac, the parties entered into the following stipulation after a hearing on a petition of original defendant for leave to sell the Cecil Township property:

"1. The consent of the estate of Marion Phillips to the transfer of the Cecil Township property will be given.

2. That consent is conditioned upon the assurance that has been given to me by counsel for the Federal Land Bank that upon receipt of sufficient proceeds from the sale of the Cecil Township property to satisfy their mortgage on that property that the Federal Land Bank will consent to the transfer of the title to the West Beth property from the estate of Richard M. Phillips to the Estate of Marion Phillips.

3. In consideration for the waiving of the due on sale clause, the estate of Marion Phillips will not raise any defenses to the pending foreclosure action that have not already been raised and will agree to be voluntarily substituted as a party in the same procedural position as was the estate of Richard Phillips."

Mr. McGuier testified that he understood that the stipulation was a waiver of the due-on-sale clause in the West Bethlehem Township mortgage only if two conditions were met: first, that plaintiff be paid in

full on the Cecil Township mortgage at the time of sale; and second, that procedurally additional defendants would be voluntarily substituted in this proceeding without the right to raise any defenses not already raised by original defendant. Mr. McGuier testified that it was not his intention then, nor is it his intention presently to release original defendant from its liability on the notes executed for either the Cecil Township or West Bethlehem Township mortgage. The delinquency on the Cecil Township mortgage was cured from the sale proceeds at the time of the closing on July 7, 1983. A portion of the unpaid balance on the mortgage was assumed by the buyers under an assumption agreement whereby plaintiff reserved its rights against original defendant.

A deed for the West Bethlehem Township property was subsequently executed and delivered by counsel for original defendant to counsel for additional defendants. The deed contains a provision making it expressly subject to the mortgage between original defendant and plaintiff.

A copy of a letter dated August 30, 1983, was introduced into evidence during the cross-examination of Mr. McGuier. The letter was from counsel for original defendant and advises plaintiff's counsel that the West Bethlehem Township property deed had been delivered to additional defendants and inquires whether plaintiff would require any assumption documents. Mr. McGuier testified that he did not consider the inquiry to be a request for release from liability by original defendant on the mortgage note.

The general rule is that one who purchases property "subject to" an existing mortgage lien between his vendor and vendor's mortgagee does not become

primarily liable to pay the mortgage. The original mortgagor remains primarily liable on a transfer of mortgaged property. One who purchases property under an assumption agreement, thereby "assuming" the mortgage; becomes primarily liable to the mortgagee. The rights of the mortgagee remain unchanged, however, with respect to the original mortgagor-vendor, and the mortgagee may look to the original mortgagor who remains secondarily liable in the event of a default in payment. The holder of the mortgage is not bound by an arrangement to which he is not a party, and he may, therefore, pursue the mortgagor if he chooses. Lowry v. Hensalis Heirs, 281 Pa. 572, 127 A.2d 219 (1974).

It is statutorily provided in 21 Pa.C.S. §655, "A grantee of real estate which is . . . bound by mortgage . . . shall not be personally liable for the payment of such . . . mortgage . . . unless he shall, by an agreement in writing, have expressly assumed a personal liability therefor . . . ." The mortgagee may agree to accept this relationship, but the agreement must be such as would amount to a novation and indicate a clear intention to look solely to the grantee-vendee for the payment of the mortgaged debt, holding the mortgagor as surety. Willock's Estate, 58 Pa. Super. 159 (1914). There is a legal presumption that the substituted obligation is not taken in discharge, but is received as collateral security for the obligation originally undertaken. Second Nat. Bank v. Graham, 246 Pa. 256, 92 Atl. 198 (1914).

"In general the acceptance of a new obligation is not satisfaction of an existing note or judgment unless so intended. In fact, the legal presumption is to the contrary; that a new note is but security for, and not satisfaction of, the original obligation. No nova-

tion results in the absence of specific proof to that effect." Olyphant Bank v. Borys, 155 Pa. Super. 49, 51, 36 A.2d 823 (1944).

The burden is upon one who alleges a novation to establish it by proper proof, and in the absence of an agreement that the original obligation should be extinguished, a new one put it in its place and the original debtor relieved, the mere acceptance of the obligation of a third party will be considered as additional security only. Jones v. Casualty Co., 255 Pa. 566, 100 Atl. 450 (1917). Proof of a novation should be clear, and the party seeking to establish a release must introduce some evidence of mutual assent to the purported novation. First Pennsylvania Bank, N.A. v. Triester, 251 Pa. Super. 372, 380 A.2d 826 (1977).

The four essential elements of a novation are defined in LeBar v. Patterson, 123 Pa. Super. 491, 496-497, 187 Atl. 278 (1936), as:

"(1) a previous valid obligation, (2) the agreement of all the parties to the new contract, (3) the extinguishment of the old contract, (4) the validity of the new one." See also Wright v. Hanna, 210 Pa. 349, 353, 59 Atl. 1097 (1904). If even one of these elements is absent, there can be no novation.

While it is true that a novation may be established by evidence of an express understanding or by circumstances showing assent, First Pennsylvania Bank, N.A. v. Triester, supra, we find no such circumstances exist here. Original defendant alleges that the stipulation entered into on April 28, 1983, before Judge Terputac was a sufficient basis for believing that the parties intended a novation of the mortgage lien on the West Bethlehem Township property. This is, however, wholly unsupported by the words of the stipulation itself. The stipulation

contains no language of release or novation and in fact contains specific conditions that were to be satisfied before plaintiff would consent to any transfer of title. It is elementary that consent to a transfer of title does not necessarily equate to an intention to release the first obligor and thereby extinguish his liability. It is also elementary that the word "substituted" (relied upon by the original defendant in the stipulation of April 28, 1983) implies one thing in ordinary use but becomes more ambiguous in legal relationships. The stipulation is silent regarding any substitution of liability. It is for such reasons that the selection of legal terminology (in these instruments) is of utmost importance. If the parties intended a release or novation by the stipulation of April 28, 1983, it should have been so stated.

Finally, original defendant relies on a letter dated August 30, 1983, forwarded to plaintiff inquiring about any requirement for assumption documents by additional defendant. No reply having been received, original defendant argues that it was justified in understanding the April 28 stipulation effectuated a novation or release. One does not imply the other. It is hornbook law that an assumption agreement or the assumption of a mortgage does not effect a release from liability on the original obligation.

For all of the foregoing reasons, we hold that original defendant has failed to prove by clear and satisfactory evidence that a novation was intended or agreed to by the parties, and we therefore make the following

### ORDER

And now, this April 4, 1984, judgment in mortgage foreclosure is hereby entered against both original defendant and additional defendants and in favor of plaintiff.