**In re Marshall Walter SCHWARTZ, Jr. a/k/a Marty Schwartz and Gloria M. Schwartz, Debtors.**

**Bankruptcy No. 84–03466G.**

United States Bankruptcy Court, E.D. Pennsylvania.

Aug. 23, 1985.

As Amended Aug. 27, 1985.

Douglas H. Weiss, Pincus, Verlin, Hahn and Reich, P.C., Philadelphia, Pa., for debtors, Marshall Walter Schwartz, Jr., a/k/a Marty Schwartz and Gloria M. Schwartz.

Andrew N. Schwartz, Philadelphia, Pa., for Credithrift of America, Inc.

Leo F. Doyle, Philadelphia, Pa., trustee.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The matter on point is whether a purchase-money security interest loses its character as such for purposes of lien avoidance under 11 U.S.C. § 522(f) of the Bankruptcy Code ("the Code"), when the debtor and the creditor effect a novation of the loan agreement. Based largely on binding authority from the Court of Ap-

peals, we conclude that the novation does not destroy the purchase-money nature of the security interest.

We outline the facts of this controversy as follows:[1] The debtors purchased certain household goods on credit from Silo, Inc. ("Silo"), and in exchange it is undisputed that the debtors granted Silo a purchase-money security interest in those goods. The note and the security interest were subsequently assigned by Silo to Credithrift of America, Inc. ("Credithrift"). Credithrift and the debtors thereafter refinanced the loan whereby new loan documents were generated, a new security agreement was signed and "fresh cash" given to the debtors. By this act of refinancing the parties intended a novation of the earlier loan contract by the new one.

Under chapter 7 of the Code the debtors then filed a petition for relief in which they claim as exempt the goods purchased from Silo. In order to avoid Credithrift's encumbrance on this property, the debtor filed a motion to avoid said lien under § 522(f).

Under § 522(f) of the Code a debtor may avoid a lien on his property to the extent that such lien impairs his exemptions if the lien is: "(1) a judicial lien; or (2) a nonpossessory, nonpurchase-money security interest in any—(A) household goods...." The sole question for consideration under the above provision is whether the security interest retained its purchase-money nature.

The Pennsylvania Uniform Commercial Code defines a purchase-money security interest as follows:

§ 9107. Definition: "purchase money security interest"

A security interest is a "purchase money security interest" to the extent that it is:

(1) taken or retained by the seller of the collateral to secure all or part of its price; or

(2) taken by a person who by making advances or incurring an obligation

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy

Rule 7052.

 315

gives value to enable the debtor to acquire rights in or the use of collateral if such value is in fact so used. 13 Pa.Cons.Stat. § 9107 (Purdon 1984). The fact that a purchase-money security interest was assigned to one other than the original financer does not cause the security interest to lose its purchase-money status, since the assignee is subrogated to the rights of the assignor. The debtors do not contend otherwise. Thus, Credithrift stands in the same stead as did Silo previously. We now confront the question of whether a refinancing or novation of a previously issued loan causes a transformation of the supporting purchase-money security interest into a nonpurchase-money one.

On this point the United States Court of Appeals for the Third Circuit has recently spoken. *Pristas v. Landaus of Plymouth, Inc.*, 742 F.2d 797 (3d Cir.1984). In *Pristas* the Court of Appeals affirmed a well reasoned decision by our colleague on the bankruptcy bench, The Honorable Thomas C. Gibbons, that the consolidation and refinancing of several loans underlying a purchase-money security interest did not destroy the purchase-money character of the security interest "to the extent that" the interest was "taken or retained by the seller of the collateral to secure all or part of its price." *Id.; §* 9107. The Court of Appeals stated:

> The issue presented here has been addressed by a number of bankruptcy courts with varying results. Some have adopted the "transformation rule," which holds that if an item of collateral purports to secure not only its own purchase price but also that of other items, the security interest that existed before the "add on" procedures is transformed into nonpurchase-money status.
>
> *     *     *     *     *     *
>
> Other courts have differed, holding that a security interest can have a "dual status" and that the presence of a nonpurchase-money security interest does not destroy the purchase-money aspect.
>
> *     *     *     *     *     *

We believe that the latter view is correct. The "transformation rule" is misguided because it fails to consider the import of the critical language in section 9–107– "to the extent." By overlooking that phrase, the "transformation" courts adopt an unduly narrow view of the purchase-money security device. Their reasoning is inconsistent with the Commercial Code, which gives favored treatment to those financing arrangements on the theory they are beneficial both to buyers and sellers.

> By contrast, acceptance of the "dual-status" rule, with its pro tanto preservation of purchase-money security interests, is more in harmony with the Code. Tolerance of "add-on" debt and collateral provisions, properly applied, carries out the approbation for purchase-money security arrangements and simplifies repeat transactions between the same buyer and seller.
>
> *     *     *     *     *     *
>
> Although not precisely on point, *Fedders Financial Corporation v. Chiarelli Brothers*, 221 Pa.Super. 224, 289 A.2d 169 (1972), is an indication that the Pennsylvania courts follow a similarly generous reading of section 9–107.

*Pristas,* 742 F.2d at 800–01.

The debtors attempt to distinguish the facts in *Pristas* with their situation in which they assert that Credithrift and they effected a novation of the loan. A novation is defined as the acceptance of a new promise for a previously existing one. *Gordon Bros. v. Kelley,* 92 Pa.Super. 485 (1928). The essential elements of a novation are the displacement and extinction of a prior contract, the substitution of a new contract, the consent of the parties, and the validity of the new contract. *Jones v. Com. Casualty Co.,* 255 Pa. 566, 100 A. 450 (1917). Even granting that a novation has been implemented to cancel the original loan document creating the purchase-money security interest and to generate a new security agreement, such a novation does not nullify the purchase money aspect of

the original transaction. Although no mention of the term "novation" is found in the opinion on *Pristas*, such an action apparently took place, yet the Court of Appeals held that the purchase-money character of the transaction was preserved. In sum, we find specious the debtors' attempt to distinguish the essential facts of the instant case with those of *Pristas*.

The debtors' position is supportable by numerous cases which they cite, one of which issued from the Court of Appeals of the Ninth Circuit. *Mathews v. Transamerica Financial Services*, 724 F.2d 798 (9th Cir.1984). Although *Mathews* and the numerous other cases provide a tenable basis for the debtors' stance, they are in direct conflict with *Pristas*. We are, of course, bound by *Pristas*.

In accordance with the above discussion we will enter an order denying the debtors' motion for lien avoidance under § 522(f).