**In re Cynthia Lee BRENDLINGER, Debtor.**

**Bankruptcy No. 90–00620.**
**Motion Nos. 90–2191–M, 90–3079–M.**

United States Bankruptcy Court,
W.D. Pennsylvania.

July 2, 1990.

Paul A. Bell, II, Simpson, Kablack & Bell, Indiana, Pa., for debtor.

Ira R. Mazer, Abrams & Mazer, Monroeville, Pa., for American General Consumer Discount Co.

Richard J. Bedford, Somerset, Pa., U.S. Trustee.

## MEMORANDUM OPINION

JUDITH K. FITZGERALD, Bankruptcy Judge.

Before the court is a Motion to Avoid Lien filed by Debtor to which a Response coupled with a Motion to Terminate Automatic Stay were filed on behalf of American General Consumer Discount Company (hereinafter AGCDC). On April 17, 1984, the Debtor borrowed the sum of $7,700.00 at 17% per annum from the Kayak Manufacturing Company to finance the purchase of a Kayak swimming pool. The loan was to be repaid in 84 monthly installments of $157.36 beginning on June 30, 1984. Kayak Manufacturing Company assigned the loan and the Security Agreement to Finance One of West Virginia, a predecessor of the AGCDC.

On November 10, 1988, Debtor requested additional funds. The account balance was $4,299.17 when AGCDC refinanced the loan, provided Debtor with a cash advance of approximately $500.00 and generated another security agreement. The first security agreement was marked paid and returned to the Debtor. The goods listed on the second security agreement were various nonpurchase-money household items which were not in AGCDC's possession. The Kayak pool was not listed. The loan was financed at 26.66% per annum over a period of 60 months. The Debtor wishes to avoid AGCDC's lien in the household items and AGCDC requests relief from the automatic stay so that it may take possession of the pool. Debtor contends that AGCDC lost its security interest in the pool by refinancing. Thus, Debtor asserts, AGCDC is an unsecured creditor and is not entitled to relief from stay.

The issue is whether refinancing a purchase-money loan by issuing new loan documents destroys the purchase-money nature of the original security interest when the collateral for the first loan is not reidentified as security for the second. We turn for guidance to *Pristas v. Landaus of Plymouth, Inc.*, 742 F.2d 797 (3d Cir.1984). *Pristas* held that Pennsylvania law permits the retention of the purchase-money security interest after the consolidation and refinancing of several loans to the extent that the interest was taken or retained by the seller to secure all or part of the price of the collateral.

The court in *Pristas* expressly rejected the analysis of other circuits which have adopted the "transformation rule" which provides that refinancing transforms a purchase-money security interest into a nonpurchase money security interest. *See Matthews v. Transamerica Financial Services*, 724 F.2d 798 (9th Cir.1984). The *Pristas* court reasoned that this view was unduly narrow and inconsistent with the Uniform Commercial Code. *Pristas* sets forth the law as applicable in this case.

In following *Pristas* the court in *In re Schwartz*, 52 B.R. 314 (Bankr.E.D.Pa. 1985), held that a purchase-money security interest does not lose its character as such for purposes of lien avoidance under 11 U.S.C. § 522(f) of the Bankruptcy Code even when the debtor and creditor effect a novation of the loan agreement. The court stated: "Even granting that a novation has been implemented to cancel the original loan document creating the purchase-money security interest and to generate a new security agreement, such a novation does not nullify the purchase money aspect of the original transaction." 52 B.R. at 316.

A novation is the acceptance of a new promise for a previously existing claim. *Gordon Brothers v. Kelley*, 92 Pa. Super.Ct. 485 (1928). The essential elements of a novation are the displacement and extinction of a prior contract, the substitution of a new contract, the consent of the parties, and the validity of the new contract. *Jones v. Commonwealth Casualty Company*, 255 Pa. 566, 100 A. 450 (1917). The most common type of novation is that involving the substitution of a new debtor, however, that element is not required. The agreement may be one between the original parties who have changed the nature of the obligation.

The court finds that the latter is the type of novation involved in the present case. The parties have not changed but AGCDC extended an additional amount of money over a shorter term at a higher

interest rate. For the additional sum, AGCDC obtained an additional security interest·in household goods. However, nothing was done to destroy the original purchase money security interest in the pool.

Based on the foregoing, the court finds that. AGCDC is a secured creditor and is entitled to relief from the automatic stay insofar as it maintains a purchase-money security interest in the Kayak pool. The court further finds that the Debtor is entitled to avoid the lien of AGCDC in other household items listed on the second Security Agreement insofar as the lien is a nonpossessory, nonpurchase-money security interest in household goods held by the Debtor for personal use and impairs an exemption to which the Debtor is entitled.

An appropriate order will be entered.

### ORDER

And now, to-wit, this 2nd day of July, 1990, for the reasons set forth in the foregoing Memorandum Opinion, it is ORDERED that Debtor's Motion to Avoid Lien is granted in part and denied in part. Regarding the household items, the Motion is granted. Regarding the Kayak pool, the motion is denied.

It is FURTHER ORDERED that American General Consumer Discount Company's Motion to Terminate Automatic Stay regarding the Kayak swimming pool is GRANTED.